Argued January 9, reversed March 12, petition for
rehearing denied May 15, 1969

GEERTZ, *Respondent, v.* STATE FARM FIRE
AND CASUALTY, *Appellant.*

451 P2d 860

*Frederic P. Roehr,* Portland, argued the cause for appellant. With him on the brief were Vergeer, Samuels, Cavanaugh & Roehr, Portland.

*Robert L. Burns,* Gresham, argued the cause for respondent. With him on the brief were Burns & Lock, Gresham.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

O'CONNELL, J.

This is an action brought by the named insured to recover under the medical payment provision of an insurance policy issued by defendant. Defendant appeals from a judgment for plaintiff.

Plaintiff's wife and three of his children were injured in an automobile accident. Plaintiff incurred medical expenses on account of these injuries, and presented his claim to defendant for payment under the insurance policy issued by defendant. In response to the demand defendant informed plaintiff's attorney that "If  *  *  *  the Geertz family has not settled their claim with the other carrier, we would be pleased to pay these medical bills upon receipt of a loan receipt in order that we may perfect our subrogation against the other driver." Plaintiffs attorney replied: "I have reviewed your policy and I do not find anything in it which would give you the right of subrogation or offset for any other collection which the Geertz'

might make." Defendant responded: "If, in fact, your clients have concluded a settlement with the other parties they obviously have prejudiced our rights and hence no payment can be made under the medical coverage."

Plaintiff refused to execute the loan receipt. It was stipulated at trial that Mrs. Geertz and the Geertz children had recovered on their claims and had released the tortfeasor. The subrogation clause of the policy provides as follows:

"SUBROGATION. Upon payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor and the insured shall do whatever is necessary to secure such rights and do nothing to prejudice them."

■ The trial court held that defendant was not subrogated to the Geertz claims because the claims were not assignable. This conclusion was based upon the reasoning that a claim is assignable only if it would survive the death of the claimant and since a claim for injury to the person does not survive the death of the claimant it is not assignable.[①] We are of the opinion that the rule prohibiting the assignment of a personal injury claim should not be applied to render invalid the subrogation provision of an insurance contract.

Generally it is said that a claim which will not survive the plaintiff's death is not assignable. The reason for this equation between survivorship and assignability is seldom explained. One explanation is that if a claim is so personal that it will not survive it is

---

[①] The court relied upon Rorvik v. North Pac. Lumber Co., 99 Or 58, 190 P 331 (1920), 195 P 163 (1921). The court recognized that this rule was modified by ORS 30.075 but held that the statute was not applicable because it became effective subsequent to the injury for which the claims were made.

therefore so personal that it cannot be assigned.[2] It has also been said that the rule developed to avoid maintenance.[3] There are other possible explanations found in the historical development of the survival of tort claims.[4] Whatever reasons there may be for prohibiting the assignment of personal injury claims after an accident, we do not think they apply to a situation where the claim is transferred pursuant to an indemnity contract between insurer and insured. If there are evils that flow from such contracts, we are not aware of them. We recognize that some courts have held that the rule of nonassignability of personal injury claims renders subrogation clauses invalid.[5] However, the better reasoned cases are to the contrary and we adopt them.[6]

---

[2] *See, for example,* North Chic. St. R.R. Co. v. Ackley, 171 Ill 100, 49 NE 222, 44 LRA 177 (1897).

[3] *Ibid.*

[4] *See* Prosser on Torts (3d Ed 1964) 920.

[5] Harleysville Mut. Ins. Co. v. Lea, 2 Ariz App 538, 410 P2d 495 (1966), *noted* 8 Ariz L Rev 340 (1967); Peller v. Liberty Mut. Fire Ins. Co., 220 Cal App2d 610, 34 Cal Rptr 41 (1963); Wrightsman v. Hardware Dealers Mut. Fire Ins. Co., 113 Ga App 306, 147 SE2d 860 (1966); Forsthove v. Hardware Dealers Mut. Fire Ins. Co., 416 SW2d 208 (Mo App 1967); Travelers Indemnity Co. v. Chumbley, 394 SW2d 418 (Mo App 1965).

[6] Higgins v. Allied American Mutual Fire Ins. Co., 237 A2d 471 (D.C. 1968) summarizes the reasons given by various courts in sustaining subrogation clauses, as follows: (1) the common law rule against assignments no longer prevails; (2) the rule prohibiting assignments does not apply to subrogation; (3) the subrogation clause creates an equitable lien against any recovery the insured received; (4) the Insurance Commissioner's approval of the subrogation clause indicates it does not violate public policy, and (5) public policy reasons against assignment are outweighed by current need for hospitalization coverage. See also DeCespedes v. Prudence Mutual Casualty Co. of Chicago, Illinois, 193 So2d 224 (Fla App 1966), affirmed 202 So2d 561 (Fla 1967); National Union Fire Ins. Co. v. Grimes, 278 Minn 45, 153 NW2d 152 (1967); Busch v. Home Ins. Co., 97 N J Super 54, 234 A2d 250 (1967);

Plaintiff contends that "automobile medical payments coverage partakes of the nature of accident and health insurance upon which defendant had the obligation to pay plaintiff directly without regard as to any claimed right of subrogation." We think that the subrogation clause clearly reserves to the insurer the right to subrogation upon payment under the policy. It follows that if the insured has recovered his medical expense from the tortfeasor or if the tortfeasor has been released without consent of the insurer, the insured is barred from recovery under the policy.

Plaintiff argues on appeal that even if defendant originally had a right of subrogation defendant waived it when it insisted that plaintiff sign a loan receipt as a condition of payment. It is not necessary for us to consider whether the demand for a loan receipt would constitute a waiver because when defendant informed plaintiff the payment would be made "upon receipt of a loan receipt in order that we may perfect our subrogation against the other driver," plaintiff took the position that defendant had no subrogation right whatsoever and therefore plaintiff had no obligation to do anything requested by defendant to perfect its subrogation right. Moreover, defendant's request in no way affected plaintiff's action in settling the claims against the tortfeasor. Disregarding defendant's interest, plaintiff made the settlements and released the tortfeasor. At that point it was not necessary for defendant to obtain any writing from plain-

Demmery v. National Union Fire Ins. Co., 210 Pa Super 193, 232 A2d 21 (1967); Hospital Service Corp. of Rhode Island v. Pennsylvania Ins. Co., 101 RI 708, 227 A2d 105 (1967); Associated Hospital Service, Inc. v. Milwaukee Automobile Mutual Ins. Co., 33 Wis2d 170, 147 NW2d 225 (1967).

tiff as a condition to payment because defendant no longer had any obligation to pay. It appears, then, that the condition accompanying defendant's tender of payment was not a material element in plaintiff's refusal to cooperate with defendant in perfecting defendant's subrogation right.

The judgment of the trial court is reversed.