Argued October 6, 1969, affirmed January 21, 1970

## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, *Appellant, v.* POHL ET AL, *Respondents.*

464 P. 2d 321

*Otto R. Skopil, Jr.,* Salem, argued the cause for appellant. With him on the briefs were Williams, Skopil, Miller & Beck, Salem.

*George M. Joseph,* Portland, argued the cause for respondents. With him on the brief were Morrison & Bailey, Portland.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN,* DENECKE and HOLMAN, Justices.

DENECKE, J.

The extent of an insurer's right to subrogation for medical payments is the issue.

The plaintiff, State Farm Mutual Automobile Insurance Company, issued a policy of automobile insurance to Orval and Della Badger. Mrs. Badger was injured when the car in which she was riding was hit by a truck which was being negligently operated by its owners, defendants Pohl. She incurred medical expenses which the plaintiff paid pursuant to its medical payment coverage. The plaintiff notified the Pohls of the payments and its subrogation rights and requested reimbursement. The Pohls subsequently made a settlement with Mrs. Badger and paid her a sum which included her medical expense. The plaintiff brought this action for subrogation against the Pohls. The defendants' demurrer was sustained, judgment was entered against the plaintiff, and it appeals.

---

* Goodwin, J., resigned December 19, 1969.

The Pohls' principal contention in the trial court was that the plaintiff was in reality an assignee of a portion of a personal injury cause of action and that such an assignment is invalid. Subsequent to the trial court's decision in this case we decided in *Geertz v. State Farm Fire and Casualty*, 253 Or 307, 451 P2d 860 (1969), that an insurer who makes medical payments can be validly subrogated to its insured's rights against the tortfeasor.

Pohl did contend in the trial court and now contends that the particular subrogation clause in the plaintiff's policy is not sufficient to support this action. The clause provides:

"Upon payment * * * the company shall be subrogated to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery which the injured person or anyone receiving such payment may have against any person or organization and such person shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. Such person shall do nothing after loss to prejudice such rights."

The defendants contend that this clause secures for the plaintiff only a right against the proceeds of the settlement or its insured, but not against the defendants.

The subrogation clause in *Geertz v. State Farm Fire and Casualty Company*, supra 253 Or at 309, was different from the clause in the instant case. It provided: "Upon payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor and the insured shall do whatever is necessary to secure such rights and do nothing to prejudice them." That clause is the usual subrogation

clause and is identical to the subrogation clause in the insurance contract in this case covering payments for collision and comprehensive damage to the insured's vehicle. There is no explanation in the record why a different form of subrogation clause was provided for medical payments. We are of the opinion, however, that the reason is fairly obvious and helpful in analyzing the problem.

In *Geertz v. State Farm Fire and Casualty Company*, supra (253 Or at 310, n 5), we noted that a number of jurisdictions have held that a subrogation clause giving the insurer the insured's rights for the recovery of medical expenses is invalid since it amounts to an attempt to assign a personal injury claim. Assignments of personal injury causes of action are generally held invalid. To circumvent this result some courts have held that an assignment of the proceeds of a settlement or judgment in a personal injury claim is valid because it is different from an assignment of the cause of action itself. See cases cited at 40 ALR2d 500, 512 (1955).

*In re Behm's Estate,* 117 Utah 151, 213 P2d 657, 662, 40 ALR2d 490 (1950), is an example of a decision making such a distinction:

"* * * Respondent's contention is that such a holding would overrule those cases in which this court had held that a cause of action for wrongful death is non-assignable. Had respondent attempted to assign a cause of action for death then the cases cited would have been controlling. However, appellant assigned not the cause of action, but rather, assigned any interest he might have in the recovery. While at first blush this may appear to be a distinction without a difference, upon closer examination it becomes apparent that there is a real and substantial difference. The cause of action

cannot be split up between the heirs but the amount recovered can be and is. * * *."

See 4 Utah L Rev 539, 547-550 (1955). The same distinction has been made in cases dealing with subrogation assignment clauses regarding medical payments. *State Farm Mut. Ins. Co. v. Farmers Insurance Exch.*, 22 Utah2d 183, 450 P2d 458 (1969) (concurring opinion); *Silinsky v. State-Wide Insurance Company*, 30 App Div2d 1, 289 NYS2d 541, 549 (1968).

Whether or not this distinction is correct is immaterial. Some courts have approved subrogation clauses regarding the proceeds of a settlement or judgment for the recovery of medical payments. Such courts would not approve clauses subrogating the insurer to the insured's rights against the tortfeasor for medical payments. In all probability this is why the plaintiff in this case drafted its medical payment subrogation clause in terms of "proceeds of any settlement or judgment."

■■ When a person obtains a right against a third person by subrogation or assignment, the law is that if the third person has notice of the subrogation or assignment and nevertheless pays the assignor or subrogor, rather than the assignee or subrogee, the third person continues to be liable to the assignee or subrogee. *Alexander v. Munroe*, 54 Or 500, 509, 101 P 903, 103 P 514 (1909); 3 Williston, Contracts § 433, p 210 (3d ed 1960). The question in this case is, if the third person is notified, not that a party has been subrogated to or assigned a right against the third person, but rather that the party has been assigned a right in moneys after such moneys are paid by the third person to the assignors, does the third person continue to be liable?

*Employers Casualty Co. v. Moore,* 60 Ariz 544, 142 P2d 414 (1943), held the third person did not continue to be liable. The attorneys in that case had a contingent fee contract with their clients in which it was agreed that the attorneys were to receive a percentage of all sums recovered. Despite notice of such contract, the tortfeasors' insurer settled directly with the clients. The attorneys brought an action for their fee against the tortfeasors' insurer. The court held the attorneys had no enforceable right against the insurer:

> "In their brief it is contended by appellee that they were properly given judgment on the following grounds:
>
> " '1. As assignees of the *proceeds* of suit or settlement.'
>
> "This is a concession that the appellees obtained by their agreement no interest in and to the Damrons' right of action. If they had no interest in the right of action, certainly the Damrons could compromise such action." 60 Ariz at 549.

Accord, *Weller v. Jersey City Ry.,* 68 NJE 659, 28 NJL 306, 61 A 459 (1905) (a contingent fee contract for personal injuries).①

*Davenport v. State Farm Mutual,* 81 Nev 361, 404 P2d 10 (1965), involving the same insurer as this case and the identical subrogation clauses, held that the tortfeasor who has notice of the insurer's medical payments and subrogation agreement but who nevertheless settles directly with the insured is liable to the insurer. The majority held that because of the subrogation clause State Farm had a "subrogation (or

---

① There may be other grounds not based upon the law of contracts to enforce such contracts against the tortfeasor or its insurer.

lien) right" upon the proceeds and when the tort-feasor and his insurer became aware of that right it could not settle with the injured party in disregard of that subrogation (or lien) right. The dissent stated that State Farm was restricted to enforcing its right against its insured.

■ There is some merit and logic in support of both positions on this issue. We conclude, however, that State Farm should not be permitted to recover against the defendants. The literal language of the clause only purports to transfer an interest in moneys after they become the property of the insured. The clause creates a right in the proceeds, not against the tort-feasor. We see no reason to ignore the form of the clause and hold that in substance it is the same as if the clause were phrased in the usual subrogation form, that is, "the company shall be subrogated to all the insured's rights of recovery." The insurer changed the form of the clause to circumvent the principle that an insurer cannot by subrogation secure a right against a tortfeasor for medical payments because this would in essence constitute the assignment of a claim for personal injuries. We decline to hold that although the clause was not intended to subrogate the plaintiff to its insured's rights against the Pohls, nevertheless it does enable the plaintiff to proceed against the Pohls after the Pohls paid medical payments to the insured with notice of the plaintiff's claim. We agree with the defendant that the clause in question only grants the plaintiff a right to the proceeds, and not a right against the defendants.

Affirmed.