Argued October 10, reversed and remanded November 29, 1978

JOHNSON et al, *Respondents,*
*v.*
BERGSTROM, *Appellant.*
(TC 75-5125, SC 25428)
587 P2d 71

Terence J. Hammons, of Hammons, Phillips & Jensen, Eugene, argued the cause for appellant. With him on the brief was David L. Jensen, of Hammons, Phillips & Jensen, Eugene.

Donald K. Hutchinson, of Hoffman, Morris, Van Rysselberghe & Giustina, Eugene, argued the cause and filed the brief for respondents.

TONGUE, J.

**TONGUE, J.**

This is an action by the assignees of a contract who bring a tort claim for wrongful interference with contract rights. The case was tried before the court, without a jury. Plaintiffs were awarded a judgment of $2,975 in general damages and $3,500 in punitive damages. Defendant appeals.

Norman Bergstrom, brother of defendant Emil Bergstrom, is a real estate broker. He obtained a listing on a tavern owned by a couple named Smith under which the Smiths were required to pay him a commission if he sold the tavern.[1] Plaintiffs are salespeople in the office of Norman Bergstrom. They obtained a signed earnest money agreement from defendant Emil Bergstrom to purchase the tavern. They were then entitled to share in the commission on that sale.

Defendant Emil Bergstrom, however, did not close the transaction through the real estate brokerage office of his brother, as provided by the earnest money agreement. Instead, he purchased the tavern directly from the Smiths and no commission was ever paid.

Plaintiffs became concerned about their share of the commission and talked to Mr. Smith about it, without success. Plaintiff Johnson then talked to her employer, Norman Bergstrom. She testified as follows:

"A.   I told him I wanted my commission, and he said he would not sue his own brother. And I said all right, fine, then is it all right with you if I go to an attorney and find out what can be done for someone who does this to you? And he said he had no objection.

"Q.   And then thereafter did you take an assignment from him—you and Mr. Whitson—of the commission rights?

"A.   Yes, sir."

---

[1] The Smiths were also named as defendants in the complaint, but made no appearance.

The pertinent parts of the assignment are as follows:

"* * * * *

"WHEREAS, *the right to payment under the contract is assignable* and the duties have been fully performed, and the Assignee desires to acquire *the rights of the Assignor thereunder:*

"IT IS THEREFORE AGREED:

"*Assignment.* For valuable consideration, receipt of which is hereby acknowledged, the Assignor hereby assigns to the Assignee *all of his interest in the contract* as constituted by Assignor's employment contract dated May 7, 1975, a sale agreement and receipt for earnest money dated May 20, 1975 regarding the sale of the Ron-De-Voo Tavern together with the earnest money note dated May 15, 1975 and executed by Emil Bergstrom pursuant to the sales agreement of May 20, 1975, *and to all of the commissions and other rights now due arising from this transaction.*" (Emphasis added)

Plaintiffs then filed this action alleging that as a result of the "willful and fraudulent conduct" of the defendants the plaintiffs had been unable to secure payment of the $2,975 commission payable under the earnest money agreement obtained by their efforts, and alleging general damages in that amount.[2]

Defendant's primary contention is that the trial court erred in denying his motion for a directed verdict based upon the ground that "this tort claim was not assignable."[3] In support of that contention defendant says that "the assignment of a tort claim the gist of which is the injury to personal rights, rather than property, has almost universally been held void as against public policy."[4]

---

[2] Plaintiffs' complaint also prayed for punitive damages, which are not in issue on this appeal.

[3] No contention is made that defendant would not be liable if the cause of action is assignable and was in fact assigned. *But see* Annot., 29 ALR2d 1229, 1232-34 (1967).

[4] In support of this contention defendant cites Restatement of Contracts § 547(1)(d) (1932); *Dahms v. Sears,* 13 Or 47, 58 (1885); *Sperry v. Stennick,*

Defendant recognizes that some Oregon cases hold that survivability is the test of assignability and that in 1969 a statute was adopted in Oregon providing that all causes of action or suit survive to personal representative (ORS 115.305). Defendant contends, however, that survivability should not be the test of assignability, and cites decisions from other states to that effect.

Regardless of the proper basis for the rule that actions for injury to the person are not ordinarily assignable, the rights acquired by plaintiffs under the assignment involved in this case were of a different nature. In our view, the tort of interference with contract rights is a tort relating to a property interest, rather than a personal interest, and the assignment of such a tort claim is not void as against public policy.[5] The reasons of policy against the assignment of personal injury claims have little relevance with respect to property damage claims.[6] It follows that the trial court did not err in denying defendant's motion for a directed verdict based on defendant's contention that this tort claim was not assignable.

---

64 Or 96, 101-02, 129 P 130 (1913); *Rorvik v. North Pac. Lumber Co.,* 99 Or 58, 91, 190 P 331, 195 P 163 (1921); *Nichols v. Jackson County Bank,* 136 Or 302, 307-08, 298 P 908 (1931); *Nordling v. Johnston,* 205 Or 315, 328, 283 P2d 994, 287 P2d 420 (1955); *Geertz v. State Farm Fire,* 253 Or 307, 309-10, 451 P2d 860 (1969); *State Farm Ins. v. Phol,* 255 Or 46, 49, 464 P2d 321 (1970); and *Fireman's Fd. Am. Ins. Cos. v. Turner,* 260 Or 30, 41-42, 488 P2d 429 (1971).

[5] *See Bethleham Fabricators v. H.D. Watts Co.,* 286 Mass 556, 190 NE 828, 834 (1934). *Cf. Sperry v. Stennick,* 64 Or 96, 102-03, 129 P 130 (1913); *Nichols v. Jackson County Bank,* 136 Or 302, 307-08, 298 P 908 (1931); *Groce v. Fidelity General Insurance,* 252 Or 296, 302-04, 448 P2d 554 (1969); *Geertz v. State Farm Fire,* 253 Or 307, 310, 451 P2d 860 (1969); and *Collins v. Fitzwater,* 277 Or 401, 409, 560 P2d 1074 (1977). *See also* generally, *Wampler v. Palmerton,* 250 Or 65, 73, 439 P2d 601 (1968), and cases and authorities cited therein relating to the tort of wrongful interference with contract rights. *See also* Prosser on Torts 930-31, § 129 (1971).

[6] *See Southern Farm Bureau Casualty Insurance Co. v. Wright Oil Co.,* 248 Ark 803, 454 SW2d 69, 70 (1970). *See also Haymes v. Halliday,* 151 Tenn 115, 268 SW 130 (1925). *Cf.* cases and authorities cited, *supra,* n.5.

[ 347 ]

Defendant also contends that the court erred in finding in favor of plaintiffs on a tort claim when plaintiffs' proof was only that they had been assigned a claim for breach of contract against the Smiths. In support of that contention defendant says, in effect, that even if a tort claim of interference with a contract is assignable, the terms of *this* assignment were not broad enough to assign such a claim; that what was assigned was the right to payment of the commission; that this assignment was also ambiguous, and that because it was prepared by plaintiffs' attorney all such ambiguities must be resolved against plaintiffs.

In response, plaintiffs do not directly answer these contentions. Plaintiffs contend that "the assignment of the claim carries with it the right to employ any remedy which is open to the assignor," citing *Sperry v. Stennick,* 64 Or 96, 129 P 130 (1913), and *Cooper v. Hillsboro Garden Tracts,* 78 Or 74, 152 P 488 (1915); that "once [a contract is] assigned, the assignee can maintain a tort action upon that contract," and that plaintiffs "took a valid assignment of the assignor's contract rights and were proper plaintiffs in the action below for intentional interference with those contract rights."

Neither *Stennick* nor *Cooper* involved an action for *tort* brought by an assignee, as in this case. As previously stated, however, we are of the opinion that the right to bring a tort action for interference with a contract may be assigned. It may also be true that an unqualified and unambiguous assignment of not only a contract, but of all rights arising from a contract, would carry with it all remedies appropriate for the protection of such rights, including the right to bring a cause of action in tort for interference with that contract. The question to be decided in this case, however, is whether this assignment was such an unqualified and unambiguous assignment.

Upon examination of the assignment, as previously set forth, it appears that although reference is made to

an assignment of the "rights" of the assignor and to "all of his interest in the contract," specific reference is also made to "*all of the commissions* and other rights now due arising *from this transaction.*" In addition, one of the preliminary recitals is that "*the right to payment* under the contract is assignable."

In our opinion, these terms, when considered together, were sufficiently ambiguous so as to make it proper to receive and consider testimony of the intention of the parties in the execution of that assignment, particularly when, as in this case, such testimony was offered and received without objection.

It appears from such testimony that the intent of the parties was to assign the right of Norman Bergstrom to payment of the commission on the sale of the tavern. Thus, plaintiff Johnson testified, on direct examination, and in response to a leading question from her own attorney, that before the written assignment was prepared she told Norman Bergstrom that she "wanted my commission" and that "thereafter" she took "an assignment from him * * * of the *commission* rights." She also testified on cross-examination as follows:

"Q. So he, in *this assignment, is giving you* something, *his right to a commission.*
"A. That's right."

To the same effect, plaintiffs offered the testimony of Norman Bergstrom, who testified as follows, in response to a question by plaintiffs' attorney:

"Q. Then subsequently you turned over to them or assigned to them the right to the commission?
"A. Right."

Plaintiffs have not called to our attention any testimony to the contrary or from which it could be properly found that the parties intended by this assignment to convey anything other than the contract right to payment of a commission, including such remedies as appropriate to enforce the payment of that commission.

On this state of the record we are of the opinion that plaintiffs failed to sustain their burden of proving that the parties intended to convey by this assignment the right to bring an action in tort for damages (including punitive damages) resulting from interference with the listing contract.

Reversed and remanded.