# BROWN,
*Appellant,*

*v.*

# INSURANCE COMPANY OF NORTH AMERICA,
*Respondent.*

(A8610-06409; CA A45088)

762 P2d 330

Margaret E. Rabin, Assistant Attorney General, Salem, argued the cause for appellant. With her on the briefs were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Mildred J. Carmack, Portland, argued the cause for respondent. With her on the brief was Schwabe, Williamson & Wyatt, Portland.

WARDEN, J.

## WARDEN, J.

In this action, the Director of the Workers' Compensation Department (Director) seeks reimbursement of workers' compensation benefits paid on the compensable claim of a worker employed by an employer who was noncomplying because defendant, his insurer, denied coverage. *See* ORS 656.054(3). The trial court granted defendant's motion for judgment on the pleadings, and the Director appeals. We reverse.

We take the facts from plaintiff's complaint, because defendant admitted most of them in its answer and because, on a motion for judgment on the pleadings, we assume that the allegations in the pleadings of the party moved against are true. *See Straub v. Oregon Electric Ry. Co.,* 163 Or 93, 96, 94 P2d 681 (1939). On August 13, 1979, Michael Weber suffered a compensable injury while employed by Dwayne Vandagriff, dba Astrocopters, Ltd. Weber filed a claim for workers' compensation benefits, and defendant, Vandagriff's insurer, denied coverage for the claim. Vandagriff was declared not to have complied with ORS 656.017.[1] The State Accident Insurance Fund Corporation (SAIF) paid over $17,000 on the claim, and the Director assessed a civil penalty of $2,000 against Vandagriff for his failure to comply with the workers' compensation laws.

On October 25, 1982, Astrocopters, Ltd., filed a petition under chapter 11 of the Bankruptcy Code. Vandagriff filed an individual chapter 11 petition on February 14, 1983. In April, 1983, the Director filed proofs of claim in both bankruptcy cases, seeking recovery of both the money that SAIF had paid on the workers' compensation claim and the civil penalty. Thereafter, Vandagriff filed an action against defendant for wrongful failure to provide workers' compensation

---

[1] ORS 656.017(1) provides:

"Every employer subject to this chapter shall maintain assurance with the director that subject workers of the employer and their beneficiaries will receive compensation for compensable injuries as provided by this chapter and that the employer will perform all duties and pay other obligations required under this chapter, by qualifying:

"(a) As a carrier-insured employer; or

"(b) As a self-insured employer as provided by ORS 656.407."

insurance. The complaint recited that the Department of Revenue had made a claim in the bankruptcy proceeding. Vandagriff obtained a judgment against defendant on October 22, 1984. Defendant paid the judgment to Vandagriff and refused to reimburse the state for the money that it had expended.

After defendant's payment of the judgment, the Director commenced this action, contending that defendant remained liable under ORS 656.054(3),[2] because that statute, by operation of law, makes the Director the employer's "assignee" or "subrogee" and defendant had notice of the state's rights. The issue on appeal is whether the complaint states a claim.

A right to subrogation exists in "every instance in which one party is required to pay a debt for which another is primarily answerable * * *." *United States F. & G. Co. v. Bramwell,* 108 Or 261, 277, 217 P 332 (1923). If the person primarily responsible has notice of the subrogation and nevertheless pays the subrogor, that person continues to be liable to the subrogee and is required to pay again. *See State Farm Ins. v. Pohl,* 255 Or 46, 50, 464 P2d 321 (1970).

The complaint states, in relevant part:

"[T]he State Accident Insurance Fund Corporation has expended to date the sum of $17,845.38 [and a civil penalty of $2,000 has been assessed against employer]. ORS 656.054 directs the plaintiff to recover from the employer the total paid out to or in behalf of the worker. Employer has failed and refused to reimburse the Workers' Compensation Department or the State Accident Insurance Fund Corporation said sum except for none.

"* * * * *

---

[2] ORS 656.054(3) provides:

"In addition to, and not in lieu of, any civil penalties assessed pursuant to ORS 656.735, all costs to the Industrial Accident Fund of a claim processed under subsection (1) of this section shall be a liability of the noncomplying employer. Such costs include compensation, reasonable administrative costs and any attorney fees awarded to the claimant, but do not include assessments for reserves in the Insurance and Finance Fund. The director shall recover such costs from the employer. The director shall provide by regulation for the Insurance and Finance Fund to reimburse, on a periodic basis, the Industrial Accident Fund for any costs it incurs under this section. When the director prevails in any action brought pursuant to this subsection, the director is entitled to recover from the noncomplying employer court costs and attorney fees incurred by the director."

"That employer obtained a judgment against Insurance Company of North America in the amount of $22,558.78 for damages and $4,811 for costs, disbursements and attorneys' fees [for wrongful failure to provide worker's compensation insurance]. This judgment was docketed in Coos County Circuit Court on October 22, 1984.

"* * * * *

"That a satisfaction of judgment was filed by employer and entered on the court records.

"That pursuant to ORS 656.054 plaintiff paid all claim costs in full for which defendant is primarily responsible as previously determined in the case of *Vandagriff v. Insurance Company of North America, et al, supra.*"

Exhibit G to the complaint, which is the employer's complaint against defendant, states, in part:

"On or about April 19, 1983, the Oregon Department of Revenue filed a claim in the Astrocopters, Ltd. bankruptcy proceeding in the amount of $17,845.38 as a cost of a claim for compensable injury to Michael J. Webber [*sic*].

"* * * * *

"On or about April 19, 1983, the Department of Revenue filed a claim in the amount of $2,000 based on an assessment of civil penalties pursuant to ORS 656.735."

The complaint in this case sufficiently alleges facts that give rise to the state's subrogation rights.

The remaining question is whether defendant, when it paid the judgment, had notice that the state was subrogated to Vandagriff's rights. *See State Farm Ins. v. Pohl, supra,* 255 Or at 50. Vandagriff's complaint against defendant alleged that the state had paid the workers' compensation claim for the employer and had filed a claim for the funds expended on behalf of the employer. It follows, not only that defendant could be charged with actual notice of the state's claim, but that defendant also knew that the only basis for Vandagriff's claim against it was the state's claim against Vandagriff. Vandagriff had never paid anything on Weber's workers' compensation claim; SAIF had. There was no reasonable basis for defendant to believe that Vandagriff was ultimately entitled to the money. It satisfied the judgment with full notice.

Reversed and remanded for further proceedings not inconsistent with this opinion.