Submitted on remand from the Oregon Supreme Court September 12, reversed and remanded November 14, 2001

# Stephen A. ROGERS,
*Appellant,*

*v.*

# VALLEY BRONZE OF OREGON, INC.,
*Respondent.*

## 961108404; A98656

35 P3d 1102

Margaret F. Weddell for appellant.

Thomas W. Sondag and Lane Powell Spears Lubersky LLP for respondent.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

HASELTON, P. J.

## HASELTON, P. J.

This case is before us on remand from the Supreme Court for consideration in light of *Smothers v. Gresham Transfer, Inc.*, 332 Or 83, 23 P3d 333 (2001). *Rogers v. Valley Bronze of Oregon, Inc.*, 332 Or 317, 28 P3d 1173 (2001). We previously affirmed without opinion the trial court's dismissal of plaintiff's action on the ground that plaintiff's claim was barred by the exclusivity provisions of the workers' compensation law. *Rogers v. Valley Bronze of Oregon, Inc.*, 157 Or App 191, 972 P2d 1229 (1998). Given the Supreme Court's holding in *Smothers*, we conclude on remand that the trial court erred in granting defendant's motion to dismiss plaintiff's claim. We therefore reverse and remand.

Plaintiff initiated this action for personal injury and various statutory violations on the ground that defendant, his employer, had failed to provide adequate protection from workplace airborne contaminants that caused plaintiff to suffer from respiratory and sinus-related health problems. Defendant filed a motion to dismiss pursuant to ORCP 21 A(8) against plaintiff's first amended complaint, arguing, in pertinent part, that plaintiff's claim should be dismissed because: (1) plaintiff's complaint failed to state a claim because the exclusivity provision of ORS 656.018 (1995) barred plaintiff's action regardless of whether his condition constituted a compensable injury within the workers' compensation system; and (2) plaintiff's complaint failed to state a claim because, although he alleged that he had filed a workers' compensation claim that defendant had denied on the ground that work conditions were not the major contributing cause of plaintiff's condition, plaintiff "does not allege that he challenged that denial in any fashion." Before the trial court ruled on defendant's motion, plaintiff amended his complaint to allege:

"Plaintiff filed a workers' compensation claim for the condition described above. Defendant and defendant's Workers' Compensation Insurance carrier denied plaintiff's workers' compensation claim alleging that the work conditions were not the major contributing cause of plaintiff's condition. Plaintiff appealed that denial to the Hearings Division of the Workers' Compensation Board. Through no

fault of his own, at the time of filing this Complaint, plaintiff has not been afforded a hearing before the Workers' Compensation Board. If plaintiff prevails and is provided workers' compensation benefits, plaintiff will voluntarily dismiss this lawsuit."[1]

The trial court granted defendant's ORCP 21 A(8) motion and dismissed plaintiff's complaint.

Plaintiff appealed, arguing that the trial court erred in dismissing his complaint. He asserted, as he had in the trial court, that the exclusivity provision of the workers' compensation law, ORS 656.018 (1995), violated Article I, section 10, of the Oregon Constitution, because it denied workers recovery for workplace injuries regardless of whether those injuries are compensable under the workers' compensation law, and that the trial court erred in dismissing his complaint on the ground that the workers' compensation laws provided the exclusive remedy for his condition.

We affirmed plaintiff's appeal without opinion.[2] On review, the Supreme Court vacated our previous disposition and remanded for reconsideration in light of its decision in *Smothers*.

■    *Smothers* is directly on point. In *Smothers*, the court held:

"[I]f a workers' compensation claim alleging an injury to a right that is protected by the remedy clause is denied for failure to prove that the work-related incident giving rise to the claim was the major contributing cause of the injury or condition for which the worker seeks compensation, then the exclusive remedy provisions of ORS 656.018 (1995) are unconstitutional under the remedy clause." 332 Or at 86.

---

[1] After the trial court judgment was entered, plaintiff supplemented the record on appeal to show that the denial of his claim had been upheld by the administrative law judge. Defendant did not oppose that supplementation. Given that posture, we express no view as to the propriety of that supplementation. *But see* 178 Or App at 69 n 3 below (evidentiary materials are immaterial to review of allowance of motion to dismiss under ORCP 21 A(8)).

[2] We previously had concluded that the exclusivity provision of ORS 656.018 did not violate Article I, section 10, of the Oregon Constitution, in *Smothers v. Gresham Transport, Inc.*, 149 Or App 49, 941 P2d 1065 (1997). As noted above, that decision later was reversed by the Supreme Court.

Here, as in *Smothers*, defendant denied plaintiff's workers' compensation claim "for failure to prove that the work-related incident giving rise to the claim was the major contributing cause of the * * * condition for which the worker seeks compensation[.]" *Id.* Consequently, the trial court erred in granting defendant's motion to dismiss plaintiff's claim on the ground that the exclusivity provision of ORS 656.018 (1995) barred plaintiff's claim.

■ Defendant next asserts that the trial court should be affirmed on an alternative basis:

"Even if plaintiff's constitutional arguments were sound, his complaint still would fail to state a claim, because it lacks an allegation that he obtained the Workers' Compensation Board's decision that his injury is not compensable under the Act. Absent that, plaintiff's action was premature[.]"

Defendant argues that, before plaintiff he can maintain a civil action against an employer under those circumstances, he must be able to demonstrate that he exhausted all levels of administrative appeal within the workers' compensation system.

We do not consider defendant's argument because it was not made to the trial court in support of defendant's motion to dismiss. As noted above, defendant asserted in its motion that the trial court should dismiss the complaint because plaintiff "does not allege that he challenged that denial *in any fashion.*" (Emphasis added.) However, plaintiff did, in fact, subsequently amend his complaint to address defendant's concern, adding an allegation describing in detail how he had challenged the denial. Now, for the first time on appeal, defendant asserts that the allegation in the second amended complaint is nevertheless insufficient because plaintiff did not allege that he exhausted all possible levels of review through the workers' compensation system before filing the complaint.

Defendant's unpreserved argument may not be considered by this court in the first instance on appeal. In *Waddill v. Anchor Hocking, Inc.*, 330 Or 376, 8 P3d 200 (2000), *adhered to on recons* 331 Or 595, 18 P3d 1096 (2001), the court held that a post-trial motion under ORCP 21 A(8)

was untimely because ORCP 21 G(3) requires a defense of failure to state ultimate facts constituting a claim to be made "in any pleading permitted or ordered under Rule 13 B or by motion for judgment on the pleadings or at the trial on the merits." 330 Or at 381. An appeal from an order granting a motion to dismiss is not one of the limited circumstances in which a defendant may assert a new defense of failure to state ultimate facts constituting a claim.

■　Even if we had the ability to consider defendant's proposed alternative basis for affirmance in the first instance on appeal, we would not exercise our discretion to do so. One important factor in our decision whether to consider such an argument is that, "even if the record contains evidence sufficient to support an alternative basis for affirmance, if the losing party might have created a *different* record below had the prevailing party raised the issue, and that record could affect the disposition of that issue, then we will not consider the alternative basis for affirmance." *Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001) (emphasis added). That rationale applies as much to this type of alleged pleading defect as it does to the creation of an evidentiary record. Here, after the case was on appeal, plaintiff supplemented the record with an order of the Hearings Division of the Workers' Compensation Board upholding defendant's denial of plaintiff's workers' compensation claim. In apparent response to that supplementation of the record, defendant made the new argument in its respondent's brief that mere denial of the claim by an employer and the Hearings Division of the Workers' Compensation Board was insufficient, *and* that plaintiff was required to show that the Workers' Compensation Board had upheld the decision made by the Hearings Division.

That argument not only is far afield from the argument made in the trial court, which, as noted, was addressed by plaintiff's second amended complaint, but it is based on materials that were not, and could not properly have been,[3]

---

[3] ORCP 21 A(8) decisions on a motion to dismiss for failure to state a claim may not be granted on the basis of anything other than the body of the pleadings themselves. *See Mark v. Dept. of Fish and Wildlife*, 158 Or App 355, 357 n 1, 974 P2d 716, *rev den* 329 Or 479 (1999). A challenge to the legal sufficiency of a claim that requires the court to examine documents other than the pleadings must be pursued via a summary judgment motion.

before the trial court on defendant's motion to dismiss. We therefore do not consider that argument in the first instance on appeal in making a determination as to whether the trial court erred in granting defendant's motion to dismiss plaintiff's claim pursuant to ORCP 21 A(8).

Reversed and remanded.