Submitted on record and briefs October 4, reversed and remanded
December 11, 2002

## STATE ex rel JIMMIE OSBORNE,
*Appellant,*

*v.*

## Dave COOK,
Director,
Oregon Department of Corrections,
*Respondent.*

### 01C-12247; A114953

59 P3d 531

Jimmy Osborne filed the brief *pro se*.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Jas. Jeffrey Adams, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

HASELTON, P. J.

## HASELTON, P. J.

Plaintiff-relator Osborne (relator) appeals from a judgment dismissing his alternative writ of mandamus. The gravamen of relator's complaint is that defendant, the Director of the Department of Corrections, failed to afford relator certain processes concerning disciplinary violations to which relator claimed he was entitled under the Western Interstate Corrections Compact (WICC), codified at ORS 421.282 through 421.294. For the reasons set forth below, we reverse and remand.

Relator is a California inmate incarcerated at the Oregon State Penitentiary in Salem, who is serving his sentence in Oregon pursuant to the WICC. Relator sought an alternative writ of mandamus, ORS 34.110, to compel defendant to set aside disciplinary sanctions against him and to accord him certain processes pursuant to the WICC in relation to the underlying disciplinary actions. Relator asserted that he was subjected to a disciplinary hearing on September 10, 1998, at which he was found to have possessed contraband and a dangerous weapon. As a result of that determination, various sanctions were imposed on relator, including loss of privileges, segregation, and a fine. Relator asserted that, under the WICC, he was entitled to be accorded the same procedures he (allegedly) would have been afforded under California law, particularly including having the disciplinary charges against him heard by a senior disciplinary hearing officer, being assisted by a staff assistant or investigative employee, and having certain limitations on the sanctions imposed.

The trial court issued the alternative writ, ordering defendant to conduct new disciplinary proceedings pursuant to California law or to show cause why he had not done so. In response, defendant moved to dismiss the alternative writ pursuant to ORS 34.170. In his motion to dismiss, defendant advanced two arguments. First, defendant asserted that, under ORS 421.194, mandamus was not available: "Unless a disciplinary order encroaches upon an inmate's constitutional rights, ORS 421.194 bars any judicial review, including mandamus." Second, defendant asserted, the WICC does

not confer a protected liberty interest and, thus, any violation of the WICC does not offend due process. As support for the latter proposition, defendant relied on *Ghana v. Pearce*, 159 F3d 1206 (9th Cir 1998). Defendant's motion did not purport to construe the WICC or analyze, in any reasoned way, the proper relationship between the WICC and provisions of Oregon law governing inmate discipline and related procedures.

After denying relator's motion for an extension of time to respond to the motion to dismiss, the trial court dismissed the alternative writ. In so holding, the court concluded that, under *Ghana*, and for the reasons set out in defendant's motion, the alternative writ must be dismissed with prejudice. The court subsequently entered a supplemental judgment ordering relator to pay filing fees that had been previously deferred.

After relator appealed, defendant filed a motion with the trial court to withdraw "the argument that ORS 421.194 bars mandamus relief." The trial court did not act on that motion because of the pendency of this appeal.

On appeal, relator raises three assignments of error, arguing that the trial court erred in denying his motion for an extension of time, in dismissing the alternative writ, and in imposing previously deferred filing fees without making findings on relator's ability to pay such fees. As described below, we conclude that the trial court erred in dismissing the alternative writ of mandamus. That conclusion obviates any consideration of the first assignment of error pertaining to the denial of relator's motion for extension of time. Finally, as explained below, we accept defendant's concession that the imposition of the previously deferred filing fees was erroneous.

We turn to the propriety of the dismissal of the alternative writ. As noted, defendant argued—and the trial court agreed—that dismissal was warranted for two reasons: (1) ORS 421.194 precluded the availability of mandamus; and (2) the WICC does not confer any constitutionally cognizable liberty interest. The first of those grounds is incorrect, and the second is inapposite.

In belatedly seeking to withdraw its argument that ORS 421.194 foreclosed the availability of mandamus in this case, defendant implicitly acknowledged the weakness of that contention.[1] That recognition is confirmed by defendant's failure to reiterate that argument on appeal or to defend the trial court's dismissal on that ground. Defendant's trepidation in that regard is well founded because, upon a proper showing, mandamus relief is, indeed, available in the circumstances alleged here. In particular, relator has alleged that defendant failed in his "performance of an act which the law specifically enjoins, as a duty resulting from an office, trust or station," ORS 34.110—*viz.*, the failure to afford the process that, relator asserts, the WICC prescribes. Moreover, defendant does not contend that there is, and on this record we do not perceive, an available alternative "plain, speedy and adequate remedy in the ordinary course of law." ORS 34.110. We note, particularly, that ORS 421.194 prohibits direct judicial review of the order subjecting relator to discipline. *See* 185 Or App at 322-24 (addressing scope of ORS 421.194). Nor is habeas corpus an available remedy, at least insofar as relator's challenge to the fine imposed. *See Pham v. Thompson*, 156 Or App 440, 444, 447, 965 P2d 482 (1998), *rev den*, 328 Or 246 (1999) (holding, in part, that habeas corpus was not appropriate vehicle for inmate to challenge imposition of a fine pursuant to a prison disciplinary order).

The inquiry thus reduces to whether the preclusion of "judicial review" in ORS 421.194 encompasses mandamus. ORS 421.194 provides:

"(1)   Disciplinary orders of the Department of Corrections issued under procedures adopted pursuant to ORS 421.180 are not subject to *judicial review* by any court of this state.

---

[1] This appellate record does not disclose the basis of defendant's attempt to withdraw that argument. In all events, because the availability of mandamus pertains to subject matter jurisdiction, we must determine that matter regardless of the parties' arguments (or nonarguments). *See, e.g., Haskell Corp. v. Filippi*, 152 Or App 117, 122, 953 P2d 396, *rev den*, 327 Or 305 (1998).

"(2) This section does not affect any right that an inmate may have to prosecute a writ of habeas corpus."

(Emphasis added.)

In construing the emphasized, critical term, we begin with the first level, "text in context" inquiry prescribed in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993). "Judicial review" is a term of art, with a well-established meaning in this context. In *Shelby v. Board of Parole*, 140 Or App 102, 915 P2d 414, *rev den*, 324 Or 18 (1996), we addressed the meaning of that term in a closely analogous context, *viz.*, whether "judicial review," as used in ORS 144.335(2)(e)(A) (1993), which precluded "judicial review" of orders deferring parole release dates, referred narrowly to "only direct review by this court" or, more broadly, to "every form of judicial action or relief relating to a Board order * * * [including] collateral challenges to Board action via writs of habeas corpus or mandamus, as well as declaratory relief." 140 Or App at 107.[2] We concluded that the term "judicial review" referred only to direct judicial review by this court:

> "Although 'judicial review' may be ambiguous in the abstract, its meaning in this context is clear. ORS 144.335 [1993] was, and is, concerned solely with direct review by the Court of Appeals. Subsection (1) provides for 'judicial review' of final orders after exhaustion of administrative remedies. * * * [A]lthough the Board's orders are not directly subject to the judicial review provisions of the Oregon Administrative Procedures Act, *see* ORS 183.315(5), 'judicial review' in ORS 144.335 [1993] is a term of art describing, as it does in the APA, direct review of an order in a contested case."

*Shelby*, 140 Or App at 107-08.

ORS 421.194(1), like ORS 144.335(2)(e)(A) (1993), bars "judicial review" of certain orders relating to inmates. As

---

[2] ORS 144.335(2) (1993) provided, in part:

"Notwithstanding subsection (1) of this section, the board's order is final and is not subject to judicial review when the board:

"* * * * *

"(e) Postpones a prisoner's release date by two years or less because of:

"(A) A psychological diagnosis under ORS 144.125(3) of an emotional disturbance making the prisoner dangerous to the community[.]"

in *Shelby*, the context of ORS 421.194 makes it clear that the legislature intended that "judicial review" be understood to connote only APA-like direct review.

■■ "Context" for *PGE* purposes encompasses the broad historical circumstances surrounding a statute's enactment, including prior versions of the same statute and the contemporaneous enactment, or repeal, of statutes addressing the same subject matter. *See Krieger v. Just*, 319 Or 328, 876 P2d 754 (1994); *see generally* Jack L. Landau, *Some Observations About Statutory Construction in Oregon*, 32 Will L Rev 1, 38-40 (1996). In this case, at the same time that the legislature enacted ORS 421.194, it repealed ORS 421.195 (1993). Indeed, it did so in the same act. Or Laws 1995, ch 108, §§ 2, 5. The concurrently repealed ORS 421.195 (1993) provided:

> "If an order places an inmate in segregation or isolation status for more than seven days, institutionally transfers the inmate for disciplinary reasons or provides for non-deduction from the term of the sentence under ORS 421.120(1)(a) and (b), *the order and the proceedings underlying the order are subject to review by the Court of Appeals upon petition to that court filed within 30 days of the order for which review is sought.* The department shall transmit to the court the record of the proceeding, or, if the inmate agrees, a shortened record. A copy of the record transmitted shall be delivered to the inmate by the department. *The court may affirm, reverse, or remand the order on the same basis as provided in ORS 183.482.* The filing of the petition shall not stay the department's order, but the department may do so, or the court may order a stay upon application on such terms as it deems proper."

(Emphasis added.) Thus, the concurrently repealed ORS 421.195 (1993) provided for "judicial review" in precisely the same sense as we construed that term in *Shelby*, *i.e.*, direct review by this court. The legislature's simultaneous repeal of that grant of jurisdiction and preclusion of "judicial review" in ORS 421.194(1) conclusively, contextually establishes that "judicial review" in ORS 421.194(1) refers solely to APA-like direct review and does not encompass "collateral challenges to Board action via writs of habeas corpus or mandamus, as well as declaratory relief." *Shelby*, 104 Or App at 107.[3]

---

[3] We appreciate that the specific exception for habeas corpus carved out in ORS 421.194(2) could be viewed as implying that "judicial review" encompasses every

■     We thus conclude that ORS 421.194 does not bar mandamus in these circumstances. We turn then to the other ground that defendant advanced before the trial court—that the alternative writ should be dismissed because the WICC does not create a cognizable liberty interest and, thus, violation of the WICC "does not impinge upon an inmate's due process rights." As noted, the trial court expressly adopted that argument, citing *Ghana*. The trial court erred because *Ghana* is inapposite.

In *Ghana*, a New Jersey inmate serving his sentence in Oregon brought an action pursuant to 42 USC section 1983, arguing that Oregon disciplinary procedures were not conducted in accordance with the Interstate Corrections Compact, ORS 421.245. 159 F3d at 1208. In rejecting his claim, the court noted that 42 USC section 1983 is available to redress violations of federal statutory and constitutional law, that the compact was not a federal law, and that the compact did not create a protected liberty interest such that its enforcement was a matter of due process under the Fourteenth Amendment to the United States Constitution. *Id.* at 1208-09. While *Ghana* is instructive as to the availability of relief in a section 1983 action, that case is immaterial to the availability of a mandamus remedy in state court. A party need not assert a Fourteenth Amendment liberty interest— or indeed raise any constitutional issue at all—to state a claim for mandamus relief.

mechanism of direct and collateral relief except for habeas corpus. Ultimately, such a construction is not plausible for at least two reasons. First, it does not comport with the well-established meaning of "judicial review" of inmate disciplinary orders as historically authorized pursuant to ORS 421.195 (1993). Second, even assuming that we somehow found an ambiguity in the term "judicial review," the legislative history of the concurrent repeal of ORS 421.195 (1993) and the enactment of ORS 421.194 discloses nothing to support the notion that the legislature intended that "judicial review" in the latter would have a different meaning from its common meaning of direct APA-like review. Indeed, the legislative history indicates that the purpose of the repeal of ORS 421.195 (1993) and the enactment of ORS 421.194 was to preclude direct review of prison disciplinary actions in this court. *See, e.g.*, Testimony, Senate Committee on Judiciary, SB 191, Jan 31, 1995 (statement of Chief Judge Bill Richardson that ORS 421.194 eliminates direct APA-like administrative review in the Court of Appeals of prison discipline cases for substantial evidence and errors of law); Testimony, House Committee on Judiciary, SB 191, April 24, 1995 (statement of Holly Robinson, legislative committee counsel, that the intent of the bill was to reduce the workload of the Court of Appeals).

■     Neither of the grounds that defendant advanced in the trial court support dismissal. Nevertheless, on appeal for the first time, defendant advances, as an alternative basis for affirmance, a closely reasoned argument as to why the WICC does not require that Oregon apply California disciplinary procedures to inmates transferred from California to Oregon. As explained below, we conclude that that contention is not properly before us.

■     A motion to dismiss an alternative writ of mandamus is the functional equivalent of a motion to dismiss under ORCP 21 A(8) for failure to state a claim. *State ex rel KOIN-TV v. Olson*, 300 Or 392, 394 n 1, 711 P2d 966 (1985). An argument concerning such a failure to state a claim may not be considered in the first instance on appeal.[4] *Rogers v. Valley Bronze of Oregon, Inc.*, 178 Or App 64, 68, 35 P3d 1102 (2001). Because defendant did not move to dismiss relator's claim on the ground that the WICC does not require that Oregon apply California disciplinary procedures to inmates transferred from California to Oregon, we may not consider that as an alternative basis for affirmance of the dismissal of the alternative writ.

■     We turn, finally, to relator's third assignment of error, which challenges the trial court's imposition of previously deferred filing fees without making findings on relator's ability to pay such fees. Defendant concedes that, under *State ex rel Baker v. Cook*, 171 Or App 719, 16 P3d 1184 (2000), the trial court erred in imposing those fees in these circumstances. We agree and accept defendant's concession as well founded. Accordingly, we reverse the trial court's imposition of filing fees.

Reversed and remanded.

---

[4] The only hint of such a contention in defendant's motion to dismiss was a passing reference to the effect that "[t]he WICC does not alter [DOC's duties under ORS 421.180 and OAR 291-105-0005], and refusal to apply another state's procedural rules does not impinge upon an inmate's due process right." Thus, the sole reference to the proper relationship between the WICC and Oregon statutes and rules governing inmate discipline was tied to defendant's "no violation of due process" argument.