Argued and submitted January 21, reversed and remanded for entry of order
granting plaintiff's motion for partial summary judgment February 25, 2004

Valerie CLAPP,
*Appellant,*

*v.*

ORIX CREDIT ALLIANCE, INC.,
a New York corporation;
and Orix Financial Services, Inc.,
a New York corporation,
*Respondents,*

*and*

LASER EXPRESS, INC.,
an Illinois corporation,
*Defendant.*

0110-10603; A119696

84 P3d 833

David D. Park argued the cause for appellant. With him on the brief was Elliott & Park.

Howard M. Levine, Frances Baker, and Sussman Shank LLP filed the brief for respondents.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

BREWER, J.

### BREWER, J.

This is an action for money had and received arising from the insured loss of a vehicle in a secured transaction. On appeal, plaintiff assigns error to the trial court's denial of her motion for summary judgment and its grant of the cross-motion for summary judgment of defendant Orix Credit Alliance, Inc. (Orix). We review the summary judgment record to determine whether there are any genuine issues of material fact and whether either moving party is entitled to judgment as a matter of law. ORCP 47 C; *Jones v. General Motors Corp.*, 325 Or 404, 420, 939 P2d 608 (1997). We reverse and remand.

The material facts are undisputed. Plaintiff is an independent truck driver. Defendant Laser Express, Inc., (Laser) is an interstate common carrier with whom plaintiff contracted to provide truck driving services.[1] Orix is a commercial finance company. In 1996, plaintiff decided to purchase a highway tractor. Laser agreed to act as an undisclosed agent for plaintiff. Laser entered into a conditional sale contract note (the contract) that documented its installment purchase of the tractor. Orix is the vendor's assignee under the contract.

By the terms of the contract, Laser granted Orix a security interest in the tractor. The contract provided that "[b]uyer shall not assign this contract note without the prior written consent of Holder." Plaintiff made the down payment toward the purchase of the tractor, and she also made all payments received by Orix on the contract. In May 1998, Laser, as assignor, and plaintiff, as assignee, entered into an assignment of contract (the assignment) by the terms of which Laser transferred its interest in the contract to plaintiff. Orix did not give prior consent to the assignment.

The assignment provides, in part:

"1.   [Laser], (as assignor, and vendee under contract) does hereby convey, assign, sell, transfer and set over unto [plaintiff], assignee, all of its right, title and interest in and

---

[1] Plaintiff obtained a default judgment against Laser, which is not a party to this appeal.

to the written and attached contract of sale dated on or about December 26, 1996, together with any and all other documents relating to the sale by [Orix's assignor] and as assigned, conveyed to or otherwise delivered to [Orix]. * * *

"2. [Laser] does hereby direct [Orix], its successors or assigns, to deliver, upon completion of all payments provided in the aforementioned contract, the title to said vehicle to [plaintiff], to be hers absolutely, free and clear of any claims by [Laser].

"3. [Laser] also hereby conveys to [plaintiff] all of its right, title and interest in the property described in the contract and the legal title thereto, which is pledged to secure the performance of the vendee's obligations created thereby. * * *

"* * * * *

"5. The parties hereto recognize that this assignment shall not relieve [Laser] from its obligations due on the contract between [Orix] and [Laser]. Therefore, [plaintiff] does hereby agree to indemnify, defend and hold harmless [Laser] from any and all obligations due under the contract and the payments due thereon for the purchase of the aforementioned vehicle."

In March 1999, the tractor was totally destroyed in a roll-over accident. Plaintiff notified Orix of the loss, and she advised Orix that she claimed the net insurance proceeds in excess of the balance due on the contract. Orix received $27,500 from the insurer for the loss of the tractor. Orix applied the insurance proceeds in full satisfaction of the contract balance, leaving a credit balance of $9,950.39. On May 10, 1999, plaintiff delivered a copy of the assignment to Orix, and she reasserted her demand for payment of the net insurance proceeds. On May 12, 1999, Orix nevertheless issued a check for the proceeds to Laser. Plaintiff then commenced this action against Laser and Orix for conversion and money had and received.

Plaintiff filed a motion for partial summary judgment against Orix on her claim for money had and received, in which she asserted that she was entitled, by virtue of the assignment, to the net insurance proceeds from the loss of the truck.[2] Orix filed a cross-motion for summary judgment on

---

[2] Plaintiff did not seek summary judgment on her conversion claim.

both of plaintiff's claims, arguing that the prohibition of assignment contained in the contract invalidated the assignment and that, even if it did not, the assignment did not transfer the right to receive the insurance proceeds. The trial court denied plaintiff's motion for summary judgment, and it granted Orix's cross-motion. The court assumed that the prohibition was ineffective to prevent the assignment, but it agreed with Orix that "the assignment is a limited assignment and plaintiff is not entitled to net insurance proceeds under this agreement." On appeal, the parties renew their arguments made before the trial court.

■ We first consider whether the assignment included the right to receive the net insurance proceeds payable as a result of the loss of the truck. Orix asserts, and the trial court agreed, that, because the assignment did not refer to the right to receive insurance proceeds, it did not transfer such rights to plaintiff. We disagree. Paragraph 1 of the assignment unambiguously transferred to plaintiff *all* of Laser's "right, title and interest in and to the written and attached contract of sale." Further, in paragraph 3, Laser conveyed to plaintiff "*all* of its right, title and interest in the property described in the contract and the legal title thereto[.]" (Emphasis added.) That language was sufficient to transfer all of Laser's rights under the contract. *See Imperial Carpet Mills v. Hawley*, 262 Or 277, 285, 497 P2d 658 (1972) (holding that the "normal effect" of assignments is "to transfer whatever rights the assignor has against [the] obligor"); *see also* ORS 72.2100(5) (providing that "[a]n assignment of 'the contract' or of 'all my rights under the contract' or an assignment in similar general terms is an assignment of rights").

■ The issue remains whether the prohibition of assignment without the seller's prior consent restricted the assignment of *rights* in the contract or whether it applied only to the delegation of the contractual *obligations* thereby created. Because the contract encompassed both a sale of goods and a secured transaction, that issue is governed by the provisions of Articles 2 and 9 of the Uniform Commercial Code (UCC).

ORS 72.2100, relating to assignments of contracts for the sale of goods, provides, in part:

"(2) Except as otherwise provided in ORS 79.0406, unless otherwise agreed, all rights of either seller or buyer can be assigned except where the assignment would materially change the duty of the other party, or increase materially the burden or risk imposed on the other party by the contract, or impair materially the chance of the other party obtaining return performance. A right to damages for breach of the whole contract or a right arising out of the assignor's due performance of the entire obligation of the assignor can be assigned despite agreement otherwise.

"* * * * *

"(4) Unless the circumstances indicate the contrary a prohibition of assignment of 'the contract' is to be construed as barring only the delegation to the assignee of the assignor's performance."

The contract prohibited Laser from assigning the "contract note without the prior written consent of Holder." By its terms, the prohibition focused on the vendee's *obligations* under the contract; it referred to the vendor as "[h]older," that is, the person toward whom contractual obligations are owed. *See* ORS 71.2010(20)(a) (defining the "holder" of a negotiable instrument as "the person in possession of the negotiable instrument"). Nothing in the contract or the summary judgment record suggests that the prohibition was concerned with the assignment of the vendee's rights under the contract. Further, there was no evidence that such an assignment would materially change Orix's duty, or increase materially the burden or risk imposed on Orix by the contract, or materially impair its chance of obtaining return performance. *See* ORS 72.2100(2). Thus, the prohibition did not prevent the transfer to plaintiff of Laser's rights under the contract. *See* ORS 72.2100(4).

That conclusion is consistent with ORS 79.0401(2), which governs the alienability of a debtor's rights in collateral under Article 9. ORS 79.0401(2) provides that "[a]n agreement between the debtor and secured party which prohibits a transfer of the debtor's rights in collateral or makes the transfer a default does not prevent the transfer from taking effect." This case concerns the assignment of the right to receive the proceeds of collateral for the debt owed to Orix

under the contract.[3] Those proceeds, in turn, constituted collateral. *See* ORS 79.0102(1)(L)(A) (stating that the term "collateral" includes "[p]roceeds to which a security interest attaches"). The prohibition therefore was ineffective to prevent the transfer of Laser's rights in the insurance proceeds to plaintiff from taking effect. *See* ORS 79.0401(2).

■■ Because Orix had notice of the assignment when it paid the net insurance proceeds to Laser, it remained liable to plaintiff, the assignee of the right to receive the insurance proceeds. *See State Farm Ins. v. Pohl*, 255 Or 46, 50, 464 P2d 321 (1970) (stating that, "[w]hen a person obtains a right against a third person by subrogation or assignment, the law is that if the third person has notice of the subrogation or assignment and nevertheless pays the assignor or subrogor, rather than the assignee or subrogee, the third person continues to be liable to the assignee or subrogee"); *see also McCallums, Inc. v. Mountain Title Co.*, 60 Or App 693, 697, 654 P2d 1157 (1982) (holding that "an obligor on a chose in action who has notice of the assignment of the beneficial interest in the chose in action is liable to the assignee if the obligation is paid other than by the terms of the assignment"). It follows that the trial court erred in denying plaintiff's motion for summary judgment[4] and in granting Orix's cross-motion for summary judgment.

---

[3] ORS 79.0102 provides, in part:

"(1) As used in this chapter:

"* * * * *

"(LLL) 'Proceeds,' except as used in ORS 79.0609 (2), means the following property:

"* * * * *

"(E) To the extent of the value of collateral and to the extent payable to the debtor or the secured party, insurance payable by reason of the loss or nonconformity of, defects or infringement of rights in, or damage to, the collateral."

[4] The right to recover money had and received depends on "whether a defendant, in equity and good conscience, is entitled to keep money to which a plaintiff makes a claim." *Davis v. Tyee Industries, Inc.*, 58 Or App 292, 296, 648 P2d 388 (1982), *aff'd*, 295 Or 467, 668 P2d 1186 (1983). Defendant has not asserted, either before the trial court or on appeal, that plaintiff's complaint failed to state a claim for money had and received on the ground that Orix had disposed of the insurance proceeds when this action was commenced. *See Duty v. First State Bank of Oregon*, 71 Or App 611, 621, 693 P2d 1308, *rev den*, 298 Or 822 (1985) (holding that an

Reversed and remanded for entry of order granting plaintiff's motion for partial summary judgment.

---

action for money had and received did not lie where the defendant "did not retain the proceeds for the limited purpose for which it was entitled to retain them, but turned them over to" a third party). Accordingly, we do not consider that issue. *See State ex rel Osborne v. Cook*, 185 Or App 317, 325, 59 P3d 531 (2002) (stating rule that whether a pleading fails to state a claim may not be considered in the first instance on appeal); *see also Rogers v. Valley Bronze of Oregon, Inc.*, 178 Or App 64, 68, 35 P3d 1102 (2001) (same).