159 F.3d 1206
 98 Cal. Daily Op. Serv. 8213, 98 Daily Journal
D.A.R. 11,450
Emory M. GHANA, Dr., Doctor, Plaintiff-Appellant,
v.
Fred B. PEARCE, Director of Oregon State Department of
Corrections; Manfred F. Maass, Warden of Oregon State
Penitentiary; Nicholas Armenakis, Acting Warden of OSP;
Robert Bentley, Librarian of the legal library at OSP;
Captain Martinez, OSP; Captain Marrow, OSP; Captain D.
Heppner, OSP; Captain Forbes, OSP; Captain Humbert, OSP;
Sgt. Jacob B. Hysell, OSP; Sgt. Charles Edward Puett, OSP;
Lt. B. Belleque, OSP; Corporal D. Flammang, OSP; Sgt.
Klickle, OSP; R. Beriault, Correctional Officer, OSP; R.
Harris, Legal Officer, OSP; C. Acosta, Legal Officer, OSP;
Anthony Santos, Sole Hearing Adjudicator, OSP; William H.
Fauver, Commissioner of New Jersey Department of Corrections
(NJDOC); Vito Casarella, Sole Hearing Adjudicator of NJDOC;
Donald Mee, Sole Disciplinary Adjudicator of NJDOC; Howard
L. Beyer, Warden of New Jersey State Prison Complex (NJSPC),
Defendants-Appellees.
 No. 97-35588.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Sept. 14, 1998.*
Decided Nov. 5, 1998.
 
 Dr. Emory M. Ghana, White Deer, Pennsylvania, pro se for plaintiff-appellant.
 Richard D. Wasserman, Assistant Attorney General, Salem, Oregon, for defendants-appellees.
 Appeal from the United States District Court for the District of Oregon; Michael R. Hogan, Chief District Judge, Presiding. D.C. No. CV-90-06487-TMC.
 Before: WALLACE and KOZINSKI, Circuit Judges, and EZRA,** District Judge.
 WALLACE, Circuit Judge:
 
 
 1
 Ghana, a pro se state prisoner, appeals from a summary judgment dismissing his 42 U.S.C. § 1983 action. The district court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. We have jurisdiction over this timely filed appeal pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 2
 * In August 1990, Ghana was transferred from the New Jersey state prison system to the Oregon State Penitentiary pursuant to the Interstate Corrections Compact (Compact). Or.Rev.Stat. § 421.245. The Compact sets forth procedures governing the interstate transfer of state prisoners, and it ensures that such prisoners maintain certain rights provided by the sending state. Among other things, the Compact provides:
 
 Article IV Procedures and Rights
 
 3
 ....
 
 
 4
 (5) All inmates who may be confined in an institution pursuant to the provisions of this compact shall be treated in a reasonable and humane manner and shall be treated equally with such similar inmates of the receiving state as may be confined in the same institution. The fact of confinement in a receiving state shall not deprive any inmate so confined of any legal rights which said inmate would have had if confined in an appropriate institution of the sending state.
 
 
 5
 (6) Any hearing or hearings to which an inmate confined pursuant to this compact may be entitled by the laws of the sending state may be had before the appropriate authorities of the sending state, or of the receiving state if authorized by the sending state.... In the event such hearing or hearings are had before officials of the receiving state, the governing law shall be that of the sending state....
 
 
 6
 ....
 
 
 7
 (8) Any inmate confined pursuant to the terms of this compact shall have any and all rights to participate in and derive any benefits or incur or be relieved of any obligations or have such obligations modified or the status of the inmate changed on account of any action or proceeding in which the inmate could have participated if confined in any appropriate institution of the sending state located within such state.
 
 
 8
 Id.
 
 
 9
 During his seven month custody in Oregon, Ghana was the subject of multiple misconduct hearings that resulted in various disciplinary measures. The prison conducted these hearings in accordance with the rules and regulations of the Oregon prison system.
 
 
 10
 Ghana argues that these hearings were defective because, as a transferred prisoner, the Compact entitles him to the protections of New Jersey procedural rules. The prison's failure to apply New Jersey rules, he therefore asserts, denied him of his rights in violation of 42 U.S.C. § 1983.
 
 II
 
 11
 We review the district court's summary judgment de novo. Covey v. Hollydale Mobilehome Estates, 116 F.3d 830, 834 (9th Cir.1997). We must determine whether the moving parties were entitled to judgment as a matter of law. Id.
 
 
 12
 To address Ghana's argument, we are confronted with a threshold question of first impression in this circuit: may a violation of the Compact be the basis for an action brought pursuant to 42 U.S.C. § 1983?
 
 
 13
 A claim under section 1983 is available to redress violations of federal statutory and constitutional law. Maine v. Thiboutot, 448 U.S. 1, 4, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980). Thus, our analysis centers on two inquiries: (1) is the Compact federal law, or, alternatively, (2) does the Compact create a liberty interest that is protected by the Due Process clause of the Fourteenth Amendment?
 
 A.
 
 14
 A state compact is transformed into federal law, and thus may be the basis for a 1983 action, when (1) it falls within the scope of the Constitution's Compact Clause, (2) it has received congressional consent, and (3) its subject matter is appropriate for congressional legislation. Cuyler v. Adams, 449 U.S. 433, 440, 101 S.Ct. 703, 66 L.Ed.2d 641 (1981) (Cuyler ). The Eighth Circuit is the only court of appeals to apply this test to the Compact. In Stewart v. McManus, 924 F.2d 138 (8th Cir.1991) (Stewart ), the court held that the Compact is not federal law. Id. at 142; see also Jennings v. Lombardi, 70 F.3d 994, 995 (8th Cir.1995) (following Stewart ). We agree.
 
 
 15
 In addition to our considerable doubt as to whether the Compact is within the scope of the Compact Clause and whether it was approved by Congress, it is clear that the Compact fails the third test--its subject matter is not appropriate for federal legislation. This conclusion is guided by Cuyler, where the Supreme Court held that the Interstate Agreement on Detainers (Agreement) did concern a subject appropriate for federal legislation. The Agreement established procedures for the transfer of a prisoner in one state to the temporary custody of another for the purpose of bringing the prisoner to trial. The Court held that the subject matter of the Agreement was appropriate for federal legislation under the Commerce Clause and the Extradition Clause because it was a cooperative effort touching a federal concern--allowing extradition to enhance the prevention of crime and enforcement of criminal laws. Cuyler, 449 U.S. at 441-42 & n. 10, 101 S.Ct. 703.
 
 
 16
 In contrast, the Compact has nothing to do with preventing crime or enhancing the enforcement of criminal laws. It governs the interstate transfer of state prisoners, but these transfers are not related to extradition or enforcement. Therefore, the Compact's procedures are a purely local concern and there is no federal interest absent some constitutional violation in the treatment of these prisoners. Stewart, 924 F.2d at 142; Griffin v. Riveland, 148 F.R.D. 266, 269 & n. 2 (E.D.Wash.1993). The Compact, thus, is not federal law.
 
 B.
 
 17
 We turn next to the question of whether the Compact creates a protected liberty interest. In a prison setting, state-created interests protected by the Fourteenth Amendmentwill be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.
 
 
 18
 Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (citations omitted). Ghana does not contend, nor could we hold, that the Oregon procedures he was subjected to were so deficient as to violate due process of their own accord. Moreover, application of those procedures by Oregon prison officials instead of New Jersey procedures does not impose an "atypical and significant hardship." This being the case, the Compact does not create a liberty interest protected by the Fourteenth Amendment.
 
 
 19
 As the Compact is not federal law and does not create a constitutionally protected liberty interest, we hold that a violation the Compact cannot be the basis for a section 1983 action. Summary judgment was therefore proper.
 
 
 20
 An unpublished disposition addresses Ghana's other issues on appeal.
 
 
 21
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable David A. Ezra, United States District Judge, District of Hawaii, sitting by designation