Donald Eugene HALPIN,
Plaintiff–Appellant,

v.

Charles E. SIMMONS, Secretary of Kansas Department of Corrections; William L. Cummings, Deputy Secretary of Kansas Department of Correc-

tions; David R. McKune, Warden of Kansas Department of Corrections; Michael W. Moore, Secretary of Florida Department of Corrections; Robert M. Porter, Interstate Compact Coordinator for Florida Department of Corrections; Patti Dyess, Assistant Administrator for Florida Department of Corrections; Ellen B. Roberts, Classification Services, Bureau of Inmate Classification and Management for Florida Department of Corrections; Prison Health Services, Inc.; Akin Ayeni, Prison Health Services State Medical Director for Kansas Department of Corrections; Stephen Dayan, Prison Health Services Medical Physician; Sandip Naik, Prison Health Services Medical Physician; and Nadine K. Belk, Prison Health Services Administrator at Lansing Correctional Facility, Defendants–Appellees.

No. 01–3391.

United States Court of Appeals,
Tenth Circuit.

April 24, 2002.

Before TACHA, Chief Judge, EBEL and LUCERO, Circuit Judges.

## ORDER AND JUDGMENT [*]

EBEL, Circuit Judge.

Donald Eugene Halpin filed the instant pro se action under 42 U.S.C. § 1983. The

[*] After examining appellant's brief and the appellate record, this panel has determined. unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, ex-

district court dismissed Halpin's claim in its entirety, prior to service of the complaint on the defendants, pursuant to 28 U.S.C. § 1915A(b).[1] On appeal, Halpin asserts four claims: violation of certain rights under the Interstate Corrections Compact, deliberate indifference to serious medical needs in violation of the Eighth Amendment, denial of access to the courts in violation of the Fourteenth Amendment, and denial of gain-time in violation of the Fourteenth Amendment. We reverse and remand on the Eighth Amendment deliberate indifference to medical needs claim, and we affirm as to the remainder of Halpin's claims.[2]

### A. Interstate Correction Compact

 Halpin was convicted in Florida state court in 1980 and sentenced to life in prison. In 1989, Halpin was transferred from the custody of the Florida Department of Corrections to the custody of the Kansas Department of Corrections. State statutory authorization for such transfers is provided by the Interstate Corrections Compact ("ICC"), enacted by both states.

See Fla. Stat. §§ 941.55–941–57; Kan. Stat. §§ 76–3001 to 3003.

Halpin argues that violation of the ICC amounts to a violation of federal law actionable under § 1983. The two circuits to consider similar arguments each have rejected them. *Ghana v. Pearce*, 159 F.3d 1206, 1208 (9th Cir.1998); *Stewart v. McManus*, 924 F.2d 138, 142 (8th Cir.1991). The only relevant contrary authority is *Opinion of the Justices to the Senate*, 344 Mass. 770, 184 N.E.2d 353, 355–56 (1962). Applying *Cuyler v. Adams*, 449 U.S. 433, 440, 101 S.Ct. 703, 66 L.Ed.2d 641 (1981), both *Ghana* and *Stewart* concluded that the ICC did not amount to federal law because the subject matter of the ICC (the interstate transfer of state prisoners) was not appropriate for congressional legislation. *Ghana*, 159 F.3d at 1208 ("[T]he Compact's procedures are a purely local concern and there is no federal interest absent some constitutional violation in the treatment of these prisoners." (citations omitted)); *Stewart*, 924 F.2d at 142 (substantially same).

---

cept under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1. Section 1915A provides in relevant part:
 (a) Screening.—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
 (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
 (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
 (2) seeks monetary relief from a defendant who is immune from such relief.

Here, the district court did not specify the grounds for the § 1915A dismissal. We have noted that this circuit has not determined what standard of review applies to district court dismissals under § 1915A on the basis of frivolity, *e.g., Treadwell v. Bureau of Prisons*, No. 01–1366, 2002 WL 462000 at * 1 (10th Cir. Mar.8, 2002) (unpublished); *Plunk v. Givens*, 234 F.3d 1128, 1130 (10th Cir. 2000), although we have cited favorably a Seventh Circuit case for the proposition that § 1915A dismissals for failure to state a claim are reviewed de novo. *McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir.2001). We need not decide which standard applies here because "our result would be the same under either standard." *Treadwell*, 2002 WL 462000 at * 1.

2. Halpin's motion for a protective order is granted.

We find the reasoning of the Eighth and Ninth Circuits persuasive. Accordingly, we conclude that the district court did not err in concluding that alleged violations of the ICC do not constitute violations of federal law and therefore are not actionable under § 1983.[3]

Halpin also challenges the defendants' requirement that he participate in a mandatory behavioral modification program. He relies in part upon the fact that he asserts that Florida law prohibits such programs. This argument relies on the same ICC argument rejected above. Halpin further argues that such forced participation in the behavioral modification program constitutes a violation of his due process and equal protection rights. Halpin's complaint made no mention of the behavioral modification program that he now challenges. Particularly in light of Halpin's failure to provide sufficient factual support for this claim even on appeal, we decline to consider it. *Riddle v. Mondragon,* 83 F.3d 1197, 1202 (10th Cir.1996) (conclusory factual allegations by pro se litigant are insufficient to state a claim on which relief can be based); *United States v. Mitchell,* 783 F.2d 971, 975 (10th Cir. 1986) (issues not raised before district court generally will not be considered on appeal).

### B. Deliberate indifference to serious medical needs

The district court rejected Halpin's Eighth Amendment claim on the following basis: "Plaintiff clearly demonstrates that he has received continuing medical treatment. His claim that such treatment does not meet the community standard of care is at best a claim of medical malpractice which is insufficient to state a viable con-stitutional claim." (Slip op. at 4.) We disagree.

■ The mere provision of continuing medical treatment, regardless of the adequacy of that treatment, does not foreclose a claim for deliberate indifference to medical needs. *See, e.g., Oxendine v. Kaplan,* 241 F.3d 1272, 1279 (10th Cir.2001) (holding that prisoner had stated valid Eighth Amendment claim where complaint alleged that prison doctor was unqualified to perform finger reattachment surgery and the doctor provided follow-up care but failed to seek specialized medical assistance); *Hunt v. Uphoff,* 199 F.3d 1220, 1224 (10th Cir. 1999) (to establish requisite deliberate indifference, plaintiff must show that "that defendant(s) knew he faced a substantial risk of harm and disregarded that risk, 'by failing to take *reasonable* measures to abate it'") (emphasis added, quoting *Farmer v. Brennan,* 511 U.S. 825, 847, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)).

■ Here, Halpin alleged facts sufficient, if proven, to establish a deliberate indifference to medical needs claim. He alleged that he suffered two heart attacks while imprisoned in Florida, and that the continuing condition of his heart necessitated treatment by outside specialists. Once imprisoned in Kansas, he requested for approximately a year and a half to see a cardiologist for severe chest pains before the defendants finally processed his request. The cardiologist prescribed certain medicines, warned Halpin not to climb stairs, and informed him that a third heart attack likely would be fatal. Although the prison doctors lack training as cardiologists, the defendants allegedly refused to provide certain of the prescribed medications, refused to honor Halpin's no-stairs

---

**3.** For the same reason, we hold that Halpin's breach of contract claim based upon the theory that he is a third party beneficiary of the compact agreement between Kansas and Florida fails to state a claim actionable under § 1983.

limitation, dismissed the cardiologist's medical findings as erroneous, and stated that Halpin would not be allowed to see the cardiologist again.[4]

Further, Halpin alleged serious gastrointestinal problems. On one occasion, he alleged, his complaints about severe stomach pains were ignored for several months before a physician's assistant examined Halpin and determined that he had a severe colon infection. It was several months before Halpin was permitted to see an outside medical specialist to treat this infection. On other occasions, Halpin was forced to wait several weeks to see a doctor regarding severe stomach pains or to receive medication prescribed to treat his condition. Halpin also alleges that his failure to take reasonable steps to treat his acid reflux, hernia, and water retention, and to accommodate his health-related dietary and exercise needs. Of course, we express no opinion about Halpin's ability to provide evidence in support of his allegations. We simply hold that these allegations are sufficient to state an Eighth Amendment claim.

## C. Denial of access to the courts

█ Halpin argues that the defendants unconstitutionally infringed upon his right of access to the courts by denying him access to Florida state law materials. Because Florida and the Eleventh Circuit continue to have jurisdiction over challenges to his conviction and sentence, see Kan. Stat. § 76–3002, art. IV(c) ("Inmates confined in an institution pursuant to the terms of this compact shall at all times be subject to the jurisdiction of the sending state. . . ."), Halpin argues that this denial impeded his ability to support his recently denied Eleventh Circuit appeal, as well as his present claim. (Complaint at 40–41; Aplt. B. at 17–A.)

The district court rejected this claim, stating without elaboration that Halpin "identifies no actual prejudice resulting from the alleged misconduct." The Supreme Court has explained that a plaintiff alleging denial of access to the courts must show, not merely the inadequacy of the legal materials available to the plaintiff, but also that "the alleged shortcomings in the library . . . hindered his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

The issue here is whether the district court was correct that Halpin failed sufficiently to plead hindrance of a non-frivolous legal claim. In his complaint, Halpin alleged that the defendants refused to provide him with Florida case authorities necessary to prepare an appellate brief in support of his then-pending habeas petition before the Eleventh Circuit. While Halpin ultimately filed a brief in the case, he was obliged to do so "without the benefit of any new Florida case authority on the . . . law concerning the issues raised in his initial appellate brief." Halpin's appeal was denied for reasons Halpin does not explain, after the filing of the complaint but prior to filing the present appeal. Halpin further alleged that the defendant failed to provide him with sections of Florida Statutes Annotated and Florida court rules and regulations needed to prepare properly his present suit.

In Penrod v. Zavaras, 94 F.3d 1399, 1403 (10th Cir.1996) (per curiam), we held

---

**4.** Halpin attached a letter written by the cardiologist to Halpin's wife, dated one week prior to the district court's dismissal of his suit, in which the cardiologist stated "I am not sure that I believe [prison medical director] Dr. Nik understands the severity or gravity of your husband's cardiovascular condition, but his statement about false positives is of quite a bit of concern to me."

that a plaintiff failed sufficiently to plead hindrance where the plaintiff alleged only that the prison's denial of library access left him " 'with nothing to read which caused Plaintiff mental deterioration, anxiety, and deep depression.'" In a subsequent unpublished order and judgment, we summarized the relevant law as follows: "Since [a 1997 order and judgment], we have not revisited the question of just how specifically a plaintiff must plead his allegation of actual injury in an access-to-courts claim, but we think it is clear that the actual injury requirement of *Lewis* and *Penrod* means only that a plaintiff must allege in his initial complaint that his prison's denial of access to legal materials has 'hindered' his litigation efforts." *Dahler v. Goodman,* 139 F.3d 911, 1998 WL 67359 at *2 n. 3 (10th Cir. Feb.19, 1998) (unpublished).

However, *McBride v. Deer,* 240 F.3d 1287, 1290 (10th Cir.2001), implicitly rejected *Dahler*'s view that actual injury means "only" that the plaintiff must allege that the denial of access "hindered" his litigation efforts. In *McBride,* the petitioner alleged that he was prevented from receiving legal materials from the court clerk and the law library and thus prevented from filing pre-trial motions in his case. The complaint stated: " 'I had no way of knowing how to file a pre trial motion, nor how to file an appeal after I was convicted, I lost my appeal because of this denial, and could not file illegal search and seizour [sic] motions.'" *Id.* (quoting complaint). We held, based upon the following analysis, that these allegations were insufficient to survive summary judgment:

> For example, he did not describe sufficiently the legal materials he was seeking; he did not clarify that the OCDC library and its resources were inadequate for his needs; and he did not explain that his legal claim was nonfrivolous. Although pro se complaints, like the ones involved here, are held to less stringent standards than formal pleadings drafted by lawyers, the pleading hurdle is not automatically overcome.

*Id.* (internal quotation marks and citations omitted).

Halpin's allegations are stronger in one respect than those found insufficient in *McBride:* rather than alleging the denial of "legal materials," Halpin specifically complains that he was denied Florida authorities, Florida's annotated statutes, and court rules and regulations. However, in other respects, his allegations are weaker than those in *McBride,* in that he quite plainly did not allege in his complaint that the existing legal resources were insufficient or that his Eleventh Circuit claims were nonfrivolous. Further, we find it significant that Halpin failed to allege, even in the broadest terms, that the issues raised in his Eleventh Circuit appeal were issues to which *state* cases, statutes, or rules—as opposed to the federal authorities that were available to him—would have been relevant. It is also unclear whether Halpin had access to some earlier authorities because he alleged only that he was denied "the benefit of any *new* Florida case authority on the same point of law *concerning the issues raised in his initial* appellate brief." (Complaint at 40 (emphasis added).)

In light of *McBride,* we conclude that Halpin's complaint was insufficient to state a constitutional claim for denial of access to the courts. Accordingly, we conclude that the district court did not err in dismissing this claim.

D. *Denial of gain-time credits*

■ Halpin argues that district court erred in dismissing his claim that he improperly has been denied gain-time credits (which are called good time credits in oth-

er jurisdictions). He argues that Florida prison officials "must give Appellant maximum amount of gain-time credits for satisfactory behavior/work performance, and to record same for future use if Appellant is successful in hav[ing] his life sentence vacated or if he receives a commutation of his life sentence." The district court dismissed this claim, holding "his challenge to the execution of his sentence should be pursued under 28 U.S.C. § 2241." (Slip op. at 5.)

We affirm the dismissal of this claim for the reason stated by the district court. *See Smith v. Maschner,* 899 F.2d 940, 951 (10th Cir.1990) (claim for restoration of good time credits must be brought in habeas action rather than § 1983 action) (citing *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)). The result is not changed here by Halpin's assertion that any good time credits restored shorten his sentence only if he succeeded in obtaining relief from his life sentence.

## CONCLUSION

For the foregoing reasons, we REVERSE and REMAND the district court's dismissal of Halpin's Eighth Amendment deliberate indifference claim. As to Halpin's remaining claims, we AFFIRM.