**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 17 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

MICHAEL CLARK,

      Plaintiff - Appellant,

v.

NEW MEXICO DEPARTMENT OF
CORRECTIONS; ROBERT PERRY,
Secretary of the New Mexico
Corrections Department; JOHN
SHANKS, Director, New Mexico
Corrections Department; FRANK
MARCELL, Administrator, Security
Threat Group, New Mexico
Corrections Department; JEFF
SERNA, Administrator, Corrections
Compact or Chief of Classification,
New Mexico Corrections Department;
DONNA MARTINEZ, Administrator,
Corrections Compact or Chief of
Classification, New Mexico
Corrections Department;
LAWRENCE TAFOYA, Warden,
Southern New Mexico Correctional
Facility; JIM MOORE, Lt., Southern
New Mexico Correctional Facility;
TIM LEMASTER, Warden,
Penitentiary of New Mexico; DAVID
TRUJILLO, Associate Warden
Program Director, Penitentiary of
New Mexico; WILL JARAMILLO,
Major, Security Threat Group,
Penitentiary of New Mexico; JAMES
VAN LOAN, Caseworker,
Penitentiary of New Mexico;

No.  02-2042
D.C. No. CIV-01-1191-WJ/LCS
(D. New Mexico)

EDWARD CHAVEZ, Classification
Officer, Penitentiary of New Mexico;
C.B. SENNA, Caseworker,
Penitentiary of New Mexico,

      Defendants - Appellees.

---

**ORDER AND JUDGMENT**   *

---

Before **KELLY** , **BALDOCK** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Michael Clark, appearing pro se, appeals from the entry of judgment and

dismissal of all but one of his thirty-two federal civil-rights and supplemental

state-law claims pursuant to 28 U.S.C. § 1915(e)(2) and Federal Rule of Civil

Procedure 12(b)(6). He also appeals from the court's order removing his case

from under seal. The district court entered final judgment as to the dismissed

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

claims under Federal Rule of Civil Procedure 54(b), thus our jurisdiction arises under 28 U.S.C. § 1291. We affirm in part and reverse in part.

The district court fully summarized Mr. Clark's allegations in its January 23, 2002 order, and we need not repeat them. Mr. Clark raises several issues on appeal. He claims that the district court erred by (1) erroneously applying New Mexico law to his state-law "contract" claims; (2) dismissing his state-law claims for failure to state a claim; (3) dismissing his federal civil-rights claims; and (4) unsealing his court file. We review de novo the district court's decision to dismiss a complaint under § 1915(e)(2) or to grant judgment pursuant to Rule 12(b)(6) for failure to state a claim. *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir.), *cert. denied*, 122 S. Ct. 274 (2001). We review the decision to unseal the file for abuse of discretion. *Cf. United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997).

The district court dismissed with prejudice twenty-two claims against New Mexico officials that alleged breach of California statutes and breach of the contract between New Mexico and California for the implementation of the Interstate Corrections Compact adopted by both states [hereinafter "the compact"]. *See* N.M. Stat. Ann. § 31-5-17; Cal. Penal Code § 11189; *and see* R. Doc. 9, Ex. 1 (copy of the New Mexico/California contract implementing the Interstate Corrections Compact, attached to Clark's complaint). Apparently

because Clark's state-law breach-of-contract claims cited only California statutes codifying the Compact in the heading above each claim, the court held that California statutes have no extraterritorial effect governing the conduct of New Mexico residents, and that all state-law claims for violations of California statutes by New Mexico corrections officials should be dismissed with prejudice. R. Doc. 13, at 3. Citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), and *Curley*, 246 F.3d at 1283-84, Clark argues on appeal that, because he attached the contract demonstrating that he also relied on New Mexico law, the district court should have liberally construed his petition and allowed him to amend his complaint so that he could have cited the correct provisions of New Mexico law. Even if Clark is correct, however, we conclude that the district court properly dismissed the claims.

At most, Clark seeks a declaration holding that New Mexico officials failed to conform their conduct to requirements encompassed only in state law. "[T]he Compact's procedures are a purely local concern and there is no federal interest absent some constitutional violation in the treatment of these prisoners." *Ghana v. Pearce*, 159 F.3d 1206, 1208 (9th Cir. 1998); *Stewart v. McManus*, 924 F.2d 138, 142 (8th Cir. 1991) (accord). The Eleventh Amendment provides absolute immunity in federal court to state officials for suits alleging breach of contract under state law. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89,

106 (1984) (stating that there is no "greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law"). Even though Clark apparently tried to avoid the Eleventh Amendment bar by suing the officials in their individual capacities, we conclude that the states are the real, substantial parties in interest on the breach of contract claims alleged. [1] The court properly dismissed the claims, but they should have been dismissed without prejudice. We therefore remand for entry of an order dismissing the contract claims without prejudice.

Clark argues that the district court erred in dismissing his claim alleging that New Mexico defendants unlawfully took a percentage of his wages in violation of the Due Process and Takings Clauses. He claims that, because he had no New Mexico victims and no restitution was required by his California conviction, the New Mexico Crime Victims Reparations Act does not apply to him. We agree with the district court's analysis of this claim. We add that the California/New Mexico compact also specifically provides that, when a transferred prisoner earns compensation in the receiving state, compensation "shall be paid to the inmates of the sending state on the same basis as to inmates [of] the receiving state." R. Doc. 9, Ex. 1 ¶ 17(a).

---

[1] We express no opinion on the viability of a breach of contract claim based on an Interstate Compact by a prisoner claiming right to sue as a third-party beneficiary.

-5-

For substantially the same reasons cited by the district court, we conclude that the court properly dismissed the remainder of Clark's claims.

Finally, we address Clark's concerns that his safety could be jeopardized by the district court's removal of his case from under seal. Clark moved to place his case under seal so that his location and information about his cooperation as an informant and in internal affairs investigations against prison staff and inmates could not be discovered by known enemies. He supported the motion with proof that he had been transferred to New Mexico because of threats against his life after he defected from the Aryan Brotherhood. R. Doc. 3. The magistrate judge ordered the case sealed without prejudice to consideration of motions to unseal the file. *Id.* Doc. 4. No motions to unseal the file have been made.

The district court, *sua sponte*, removed the seal from Clark's files on its finding that the remaining retaliation claim against Defendant Tafoya was "unrelated to [Clark's] earlier activities in California." *Id.* Doc. 13, at 8. The court did not address Clark's concerns about concealing information regarding his transfers and continuing activity as an informant in New Mexico, however. Further, the court unsealed the file before Defendant Tafoya's *Martinez* report was filed. The report contains information that has the potential to seriously jeopardize Clark's and other inmates' safety in any prison in the United States. Because the court unsealed the file *sua sponte*, before the court saw the *Martinez*

-6-

report, and without determining whether any unspecified right to access was outweighed by Clark's interests favoring nondisclosure of his location and undercover activities, *see McVeigh*, 119 F.3d at 811, we reverse the decision to unseal the file.

Clark's motion to proceed on appeal *in forma pauperis* is granted. We remind Clark that he must continue making partial payments until the entire fee has been paid.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED IN PART AND REVERSED IN PART, and the case is REMANDED for entry of judgment in conformity with this order and for resealing of the file.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge
