JASON McKINLEY WARD,
*Appellant,*

*v.*

Guy HALL,
Superintendent,
Two Rivers Correctional Institution;
Mr. Herron,
Assistant Superintendent,
Two Rivers Correctional Institution;
Mr. Thompson,
Food Service Manager,
Two Rivers Correctional Institution;
Ms. Reed; D. Horning,
Canteen Staff,
Two Rivers Correctional Institution;
Ms. Schwarz,
Chaplain,
Two Rivers Correctional Institution;
Ms. Van Dourn; Dr. Lytle,
Health Services,
Two Rivers Correctional Institution,
*Respondents.*

CV030877; A124131

136 P3d 76

Jason McKinley Ward filed the brief *pro se*.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Eric D. Wilson, Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Linder and Wollheim, Judges.

PER CURIAM

**PER CURIAM**

Plaintiff appeals from the ORCP 21 dismissal of his claim under 42 USC section 1983 in which he alleges that defendants are in violation of the Western Interstate Corrections Compact, ORS 421.284 to 421.294, by not complying with a federal court order that he obtained while he was an inmate of a Nevada state prison. The compact governs the interstate transfer and incarceration of prison inmates convicted in other states. The gravamen of plaintiff's action is that Oregon prison officials violated ORS 421.284 and its accompanying administrative rule by failing to comply with certain religious diet conditions required by the federal order. The trial court, in dismissing plaintiff's complaint, reasoned that the provisions of ORS 421.282 to 421.294 do not confer federally protected liberty interests for purposes of section 1983.[1] We agree with that analysis, and a further discussion of that issue would not benefit the bench or the bar.

Although a plaintiff may bring a section 1983 claim to enforce a violation of a liberty or property interest protected by the Due Process Clause of the Fourteenth Amendment independent of the compact, we do not understand plaintiff's complaint to allege such a claim. Rather, his complaint asserts solely a claim under ORS 421.284 and its accompanying administrative rule. Consequently, we need not decide whether another basis for a claim exists under section 1983. *State ex rel Engweiler v. Cook*, 340 Or 373, 384, 133 P3d 904 (2006). *But see Sheets v. Knight*, 308 Or 220, 232, 779 P2d 1000 (1989), *abrogated on other grounds by McGanty v. Staudenraus*, 321 Or 532, 901 P2d 841 (1995).

Affirmed.

---

[1] The Ninth Circuit Court of Appeals rejected an argument similar to plaintiff's in *Ghana v. Pearce*, 159 F3d 1206 (9th Cir 1998).