MEMORANDUM **
Ricky Garcia, a New Mexico state prisoner housed in the California prison system under the Western Interstate Corrections Compact (WICC), appeals pro se from the district court’s judgment in his 42 U.S.C. § 1983 action alleging Fourth, Eighth, and Fourteenth Amendment violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo both the district court’s exhaustion determination, Wyatt v. Terhune, 315 F.3d 1108, 1117 (9th Cir.2003), and its summary judgment ruling, Carver v. Lehman, 558 F.3d 869, 872 (9th Cir.2009). We affirm.
The district court properly dismissed Garcia’s deliberate indifference claim because he did not properly exhaust administrative remedies before filing this action. See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir.2002) (holding that the Prison Litigation Reform Act “requires exhaustion before the filing of a complaint and that a prisoner does not comply with this requirement by exhausting available remedies during the course of the litigation”).
*691 The district court properly granted summary judgment on Garcia’s claim that the WICC creates a Fourteenth Amendment liberty interest, because the application of California law to his classification proceedings does not impose an “atypical and significant hardship on [him] in relation to the ordinary incidents of prison life.” Ghana v. Pearce, 159 F.3d 1206, 1208-09 (9th Cir.1998) (citation omitted) (concluding that conducting a disciplinary hearing under Oregon law instead of New Jersey law did not create an “atypical and significant hardship,” and thus created no state liberty interest).
The district court also properly granted summary judgment on Garcia’s claim that his indeterminate Security Housing Unit detention violated his due process rights because prison officials afforded Garcia all of the process he was due under the Fourteenth Amendment. See Toussaint v. McCarthy, 801 F.2d 1080, 1100-01, 1104 (9th Cir.1986) (explaining due process procedures to which prisoners with liberty interests in their placements are entitled), abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).
The district court properly granted summary judgment on Garcia’s outdoor exercise claim because Garcia was not deprived of regular outdoor exercise but instead declined to utilize some of his opportunities to exercise. Cf. May v. Baldwin, 109 F.3d 557, 565 (9th Cir.1997) (a temporary denial of outdoor exercise with no medical effects is not a substantial deprivation).
The district court properly granted summary judgment on Garcia’s Fourth Amendment claim concerning DNA sampling under California’s DNA and Forensic Identification Database and Data Bank Act of 1998. See Alfaro v. Terhune, 98 Cal. App.4th 492, 120 Cal.Rptr.2d 197, 208 (2002) (regarding Cal.Penal Code § 295 et seq.); United States v. Kriesel, 508 F.3d 941, 947, 950 (9th Cir.2007) (similar federal statute).
The district court properly concluded that Garcia failed to raise a triable issue as to whether some defendants conspired to violate his civil rights. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989) (explaining that unsupported conclusory allegations are insufficient to preclude summary judgment); see also Fonda v. Gray, 707 F.2d 435, 438 (9th Cir.1983) (explaining that to prove a conspiracy, a plaintiff must show that the defendants agreed to violate the plaintiffs constitutional rights).
The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over the state claims after dismissing the federal claims. See Brown v. Lucky Stores, Inc., 246 F.3d 1182, 1187 (9th Cir.2001).
Garcia’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.