**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL J. MASTERSON, | No. 11-15023 |
| Plaintiff - Appellant, | D.C. No. 2:05-cv-00192-AK |
| v. | |
| ROSANNE CAMPBELL; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Alex Kozinski, Chief Judge, Presiding

Submitted April 17, 2012[**]

Before:    LEAVY, PAEZ, and BEA, Circuit Judges.

Daniel J. Masterson, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

retaliation and due process violations by prison officials. We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We review de novo, *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir. 1994) (per curiam), and we affirm.

The district court properly granted summary judgment on the retaliation claims because Masterson failed to raise a genuine dispute of material fact as to whether defendants' conduct was based on a retaliatory motive rather than legitimate correctional goals.  *See Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (plaintiff must show allegedly retaliatory action did not advance legitimate correctional goals).

The district court properly granted summary judgment on Masterson's due process claims because the record reflects that procedural safeguards were met and that "some evidence" supports the prison disciplinary decisions.  *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).  Further, the decisions did not impose an "atypical and significant hardship."  *Ghana v. Pearce*, 159 F.3d 1206, 1209 (9th Cir. 1998) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).

Masterson's remaining contentions, including that the district court abused its discretion in denying his requests for reconsideration, appointed counsel, and discovery continuances, are unpersuasive.

**AFFIRMED.**