**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEREMIAH THOMASSON, | No. 15-35007 |
| Plaintiff - Appellant, | D.C. No. 6:14-cv-01788-MO |
| v. | |
| JEFF PREMO, Superintendent of Oregon State Prison; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted October 14, 2015[**]

Before:     SILVERMAN, BERZON, and WATFORD, Circuit Judges.

Oregon state prisoner Jeremiah Thomasson appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional

claims arising, in part, from his transfer through the Interstate Corrections Compact

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

to a Florida state prison.  We have jurisdiction under 28 U.S.C. § 1291.  We review

de novo.  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28

U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)

(order) (dismissal under 28 U.S.C. § 1915(e)(2)).  We may affirm on any ground

supported by the record.  *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir.

2008).  We affirm in part, vacate in part, and remand.

Dismissal of Thomasson's due process claims alleging a violation of (1) a

state-created liberty interest, (2) the Due Process Clause, or (3) the Interstate

Corrections Compact was proper because Thomasson failed to allege facts

sufficient to state a claim.  *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995)

(constitutionally protected liberty interest arises only when prison officials impose

an "atypical and significant hardship on the inmate in relation to the ordinary

incidents of prison life"); *Olim v. Wakinekona*, 461 U.S. 238, 248 (1983) (Due

Process Clause does not create a liberty interest in avoiding an interstate prison

transfer); *Meachum v. Fano,* 427 U.S. 215, 225 (1976) (Due Process Clause does

not create a liberty interest in avoiding transfer to more adverse conditions of

confinement); *Ghana v. Pearce*, 159 F.3d 1206, 1209 (9th Cir. 1998) (because "the

Compact is not federal law and does not create a constitutionally protected liberty

interest," a violation of the Compact cannot be the basis for a § 1983 claim).

Dismissal of Thomasson's access-to-courts claims concerning (1) his inability to appear at an Oregon state court hearing and (2) access to legal materials was proper because Thomasson failed to allege facts sufficient to show an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 348-49, 354-55 (1996) (access-to-courts claim requires showing of actual injury, which means prejudice to direct appeals of criminal convictions, habeas petitions, or challenges to conditions of confinement).

Although the district court did not abuse its discretion by dismissing some of Thomasson's claims without leave to amend, *see Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that "[a] district court acts within its discretion to deny leave to amend when amendment would be futile"), dismissal without leave to amend was premature as to two claims: (1) the due process claim premised on a state-created liberty interest, and (2) the access-to-courts claim concerning access to legal materials. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("[B]efore dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." (citation and internal quotation marks omitted)). It is possible that Thomasson could allege facts sufficient to show that prison officials, by transferring him, imposed an atypical and significant hardship

giving rise to a protected liberty interest, *see Sandin*, 515 U.S. at 483-84, and that he could allege facts sufficient to show that he was denied access in connection with a state habeas petition or a challenge to his conditions of confinement, *see Lewis*, 518 U.S. at 348-49, 354-55. Accordingly, we vacate the judgment in part, and remand for the district court to provide Thomasson an opportunity to amend his due process claim premised on a state-created liberty interest and access-to-courts claim concerning access to legal materials.

**AFFIRMED in part; VACATED in part; and REMANDED.**

15-35007