22-2895-pr
Baltas v. Maiga

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of October, two thousand twenty-four.

PRESENT: BARRINGTON D. PARKER,
RAYMOND J. LOHIER, JR.,
ALISON J. NATHAN,
*Circuit Judges*.

------------------------------------------------------------------

JOE BALTAS,

*Plaintiff-Appellant*,

v.                                                        No. 22-2895-pr

DAVID MAIGA, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES, ROLLIN COOK, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES, ANGEL QUIROS, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES, JESSICA SANDLER, IN HER INDIVIDUAL AND OFFICIAL CAPACITIES, JACLYN OSDEN, IN HER

INDIVIDUAL AND OFFICIAL CAPACITIES,

*Defendants-Appellees.*
------------------------------------------------------------------

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | JEFFREY A. DENNHARDT (Omar A. Khan, *on the brief*), Wilmer Cutler Pickering Hale and Dorr LLP, New York, NY |
| FOR DEFENDANTS-APPELLEES: | DENNIS V. MANCINI, Assistant Attorney General, *for* William Tong, Attorney General of the State of Connecticut, Hartford, CT |

Appeal from a judgment of the United States District Court for the District of Connecticut (Michael P. Shea, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part, VACATED in part, and the matter is REMANDED for further proceedings.

Plaintiff Joe Baltas appeals from a judgment of the United States District Court for the District Connecticut (Shea, *J.*) dismissing his § 1983 suit against current and former Connecticut Department of Corrections ("CTDOC") officials arising from his transfer to the custody of the Virginia Department of Corrections ("VADOC") and incarceration in Red Onion State Prison ("ROSP").   In an opinion released simultaneously with this summary order, we affirm the District

2

Court's grant of summary judgment to the Defendants on Baltas's Fourteenth Amendment due process claim relating to his administrative segregation classification and vacate its grant of summary judgment to the Defendants based on Baltas's failure to exhaust administrative remedies with VADOC. We address his remaining claims on appeal in this summary order. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm the dismissal of his remaining claims.

## I. First Amendment Retaliatory Transfer

Baltas claims that the Defendants retaliated against him in violation of his First Amendment rights by transferring him to Virginia because of his history of filing grievances and civil actions against prison officials. The District Court granted summary judgment for failure to show a causal connection between Baltas's protected conduct and the allegedly retaliatory transfer. On appeal, Baltas argues that he demonstrated causation because he was transferred to VADOC one month after he filed a federal court complaint against CTDOC officials (the "*Erfe*" litigation).

We disagree. For retaliation claims under the First Amendment, a causal

connection may be established by "showing that the protected activity was closely followed in time by the adverse . . . action." *Nagle v. Marron*, 663 F.3d 100, 110 (2d Cir. 2011) (quotation marks omitted). An "adverse . . . action occurs on the date that a decision was formally reached." *Id.* Although Baltas was physically transferred out of state after he commenced the *Erfe* litigation, CTDOC began attempting to transfer him months before the commencement of *Erfe*, and VADOC agreed to accept him a week before he filed the complaint in that litigation. Baltas has failed to present evidence to dispute this timeline or otherwise raise an inference of retaliation. Accordingly, we affirm the District Court's dismissal of Baltas's First Amendment retaliation claim.

## II.     Interstate Corrections Compact

Baltas also alleged that the Defendants violated his rights under the Interstate Corrections Compact ("ICC"), Conn. Gen. Stat. 18-106, art. IV(e). The District Court determined that a violation of the ICC is not a federal claim under § 1983 and accordingly dismissed Baltas's ICC claims. Relying on the Supreme Court's decision in *Cuyler v. Adams*, 449 U.S. 433, 439–40 (1981), Baltas argues that the ICC is a congressionally sanctioned interstate compact and as such represents federal law.

4

We affirm on the ground that the Defendants are entitled to qualified immunity on the ICC claims. *See Coulter v. Morgan Stanley & Co.*, 753 F.3d 361, 366 (2d Cir. 2014) ("We . . . may affirm on any basis supported by the record."). Even assuming that the ICC is a source of federal rights, those rights are not clearly established. *See Francis v. Fiacco*, 942 F.3d 126, 139 (2d Cir. 2019) ("[Q]ualified immunity shields . . . state officials from money damages unless the plaintiff pleads facts showing . . . that the [statutory or constitutional] right was clearly established at the time of the challenged conduct." (cleaned up)). Neither the Supreme Court nor this Court has ever addressed whether the ICC secures federal rights enforceable by a prisoner in federal court. Nor have cases regarding the Compact Clause clearly established or even suggested that the ICC is federal law. To the contrary, several of our sister Circuits have held that the ICC is *not* federal law. *See e.g.*, *Stewart v. McManus*, 924 F.2d 138, 142 (8th Cir. 1991); *Ghana v. Pearce*, 159 F.3d 1206, 1208 (9th Cir. 1998).

For these reasons we conclude that the Defendants are entitled to qualified immunity and accordingly dismiss Baltas's ICC claims.

## III. Denial of Access to Video Evidence

Baltas also claimed that while he was incarcerated in Virginia, ROSP

5

officials denied him access to exculpatory prison surveillance video evidence during a disciplinary proceeding. The District Court dismissed this claim, holding that Baltas lacked a Fourteenth Amendment due process right to review video evidence in disciplinary proceedings. On appeal, Baltas argues that the District Court misinterpreted our caselaw regarding due process and documentary evidence at prison proceedings.

While several of our sister Circuits have held that the denial of access to prison surveillance footage in disciplinary proceedings implicates procedural due process protections, *see Lennear v. Wilson*, 937 F.3d 257, 268–69 (4th Cir. 2019); *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 814 (10th Cir. 2007), we need not reach the issue. In our view, Baltas's claim fails because he has not alleged that the Defendants were personally involved in the alleged deprivation, which is "a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quotation marks omitted). Baltas's complaint implicates only VADOC officials. There are no allegations that the CTDOC officials directly participated in the harm, knew about this specific violation and "failed to remedy" it, "created a policy or custom under which" the violation occurred, or were "grossly negligent in managing subordinates who caused" the violation.

6

*Id.* (quotation marks omitted). We thus affirm the District Court's dismissal of the due process claim.

## IV. Deliberate Indifference in Transfer to Virginia

Baltas also challenges the District Court's dismissal of his Eighth Amendment deliberate indifference claim. Baltas alleged that the Defendants violated his Eighth Amendment rights by transferring him to ROSP while aware that he would face unconstitutional conditions of confinement.

To state an Eighth Amendment claim, a plaintiff must allege "(1) a deprivation that is 'objectively, sufficiently serious' that he was denied 'the minimal civilized measure of life's necessities,' and (2) a 'sufficiently culpable state of mind' on the part of the defendant official, such as deliberate indifference to inmate health or safety." *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The District Court dismissed this claim on the ground that Baltas failed to meet the subjective prong of the test.

We agree that the complaint does not contain any non-conclusory, plausible allegations that would allow a fact-finder to conclude that the Defendants were "actually aware of [a] risk" that Baltas would be subjected to

7

unconstitutional conditions because of his transfer to ROSP. *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013). The news articles and online media that Baltas cites to support his claims that unconstitutional conditions existed at ROSP date from years before the decision to transfer Baltas to Virginia. Further, the allegations provide no plausible basis to infer that the Defendants saw or were aware of this coverage.

Accordingly, we affirm the District Court's dismissal of the deliberate indifference claim.

## CONCLUSION

We have considered Baltas's remaining arguments and conclude that they are without merit. For the foregoing reasons and those set forth in the accompanying published opinion, the judgment of the District Court is AFFIRMED in part, VACATED in part, and the case is REMANDED for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8